## JIM VITRANO V. THE STATE.

### No. 7173.   Decided April 11, 1923.

**Assault to Murder—Insufficiency of the Evidence.**

Where defendant was convicted of assault with intent to murder, and the records showed that he was either acting in self-defense, or in any event should not have been convicted of any higher grade of offense than aggravated assault, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Galveston.   Tried below before the Hon.   J. C. Canty.

Appeal from a conviction of aggravated assault; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Marsene Johnson, Elmo Johnson, Roy Johnson, Marsene Johnson, Jr.,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder one L. G. Robinson, with punishment assessed at two years confinement in the penitentiary.

The assault in question occurred on the 23d day of September, 1921.   About a month before, trouble had occurred between appellant and one Gaetano.   The details of this previous difficulty appear to have been gone into much further than was necessary in the trial of the instant case.   Appellant had shot Gaetano, or shot at him, twice upon the occasion of this previous difficulty, but claims to have been acting in self-defense from an attack made upon him by Gaetano with a knife.   After this trouble Gaetano left the city of Galveston and remained away until a short time before the present difficulty. Having heard of his return to Galveston and anticipating that Gaetano might again attack him, appellant had armed himself with a pistol.   On the night of the alleged assault on Robinson the undisputed evidence shows that appellant was sitting in a chair on the edge of the sidewalk in front of an oyster parlor which was next door to a picture show.   Gaetano walked up and without a word being said drew his pistol and began firing at appellant almost point blank. Appellant ran to about the middle of the street when having gotten his pistol out he turned and fired at Gaetano who had gotten behind a telephone post which, as we understand from the record, was in line between the point where appellant was standing in the street and the entrance to the picture show.   When appellant fired at Gaetano the latter left his point of vantage behind the pole and

94 T. C.—13

ran into the picture show; appellant fired at him again as he entered. The evidence is conflicting as to the number of shots fired, but several parties in the house were wounded. Robinson, the injured party in the present case, was a negro policeman in the city of Galveston; he was inside the picture show at the time the shooting started. He did not have on his officer's uniform but was dressed in citizens clothing. Upon hearing the shooting he immediately went to investigate it. He claims that when he got to the door of the picture show he saw appellant shooting and told him to stop; that appellant tried to get by him and get in the picture show; that he did not see whom he was firing at, but that he blocked him away from the entrance, and appellant fired and struck him (Robinson) in the arm, whereupon Robinson shot appellant in the leg. It does not appear from the record that appellant knew Robinson was an officer. Robinson himself says that he did not tell him at the time he was an officer, but called to him to stop shooting; that he had seen appellant at times when he (Robinson) had his uniform on and was on his beat, and supposed appellant had seen him. Testimony of other witnesses is to the effect that when Robinson appeared in the door of the picture show he said nothing to appellant but immediately fired at him and that appellant returned the fire. Appellant's version of the matter is that when Gaetano ran into the picture show he (appellant) came back on the sidewalk with his gun in his hand; that about the time he was passing the picture show he saw a pistol extended, and thinking Gaetano was continuing the assault upon him he immediately began firing, not knowing that Robinson was an officer, and thinking he was firing at Gaetano.

From our analysis of the evidence we have been unable to reach the conclusion that the conviction of appellant for assault to murder Robinson should be permitted to stand. Whatever may have been the cause of the original trouble between appellant and Gaetano, and regardless of who was responsible therefor, it is undisputed that at the time of the beginning of the instant difficulty appellant was sitting in a chair when Gaetano without provocation made a deadly assault upon him with a pistol. Under the law appellant had a right to defend against this assault, and he had the right to continue to shoot at Gaetano as long as it reasonably appeared to appellant that he was in danger from him. If he fired at Gaetano or thought he was firing at him at the time Robinson was hit he would be guilty of no offense. On the other hand, if appellant's mind became inflamed to such a degree as to render him incapable of cool reflection because of the assault upon him by Gaetano, and Gaetano had abandoned the difficulty and fled into the picture show and appellant not being in danger, but under excitement of the moment fired at Gaetano he would have been guilty of only an aggravated assault upon him; therefore, he could not be convicted of any higher grade of offense if the shot struck Robinson.

There is another issue raised by the evidence which should also be taken into account. Some of the witnesses present testified that when Gaetano ran into the picture show Robinson immediately appeared in the door, and without saying anything to appellant fired at him. If appellant was pursuing Gaetano, believing he was seeking a point of vantage with intent to renew the difficulty, and Robinson appeared and shot at appellant he had a right to defend against Robinson's act the same as against that of Gaetano.

Believing the evidence not sufficient to justify a conviction for assault with intent to murder as it appears in the record, the judgment is reversed and the cause remanded.

*Reversed and remanded.*