## LESTER YATES v. THE STATE.

No. 2758.   Decided December 23, 1913.

**1.—Aggravated Assault—Self-defense—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault under subdivision 6, article 1022, Penal Code, the only question was whether the evidence under defendant's plea of self-defense sustained the conviction, and the same was sufficient to justify the jury in finding defendant guilty, there was no error under the charge of the court.

**2.—Same—Motion for New Trial—Bills of Exception.**

In the absence of bills of exception to the admission of evidence, the same can not be raised for the first time in a motion for new trial.

**3.—Same—Misdemeanor—Charge of Court.**

In the absence of a bill of exceptions to the charge of the court in misdemeanor cases, the same can not be considered on appeal. Following Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 320.

**4.—Same—Verdict—Form.**

Where the verdict of the jury was sufficient under the decisions of this court, although the same was informal, there was no reversible error.

Appeal from the County Court of Haskell. Tried below before the Hon. A. J. Smith.

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was proscuted, tried

and convicted of an aggravated assault under subdivision 6, article 1022, Penal Code, the charge being that the assault and battery was committed with a whip. Appellant's defense was self-defense. He was convicted and his punishment fixed at a fine of $100 and thirty days confinement in jail.

The evidence shows that the appellant was a young man nineteen years of age, was something over six feet tall, very healthy and weighed at least 160 pounds; that the assaulted party, Mrs. Webster, was a married woman 53 years old and weighed about 120 pounds. Appellant lived with his parents; the Websters lived about 250 yards from appellant's family. Mrs. Webster had a young daughter about fourteen years of age with whom appellant had been going and to whom he was paying his attentions. Mrs. Webster objected to this because of the age of her daughter and claimed that a few nights before the offense is alleged she had notified appellant to quit his attentions to her daughter and not to go with her, etc. That a few days afterwards she saw appellant with her daughter in his buggy at his parents' house; that this enraged her somewhat and she took her own cheap ten cent buggy whip, started to where the parties were with the intention of whipping her daughter. The daughter, seeing her coming, got out of the buggy and started to her home meeting her mother; they met and passed on, but Mrs. Webster did not then stop and whip her daughter, but proceeded to where appellant still sat in his buggy. She testified in effect, that she reproached appellant for his further attentions to her daughter against her warning and protest; that he, thereupon, used violent and profane language to her and she struck him a few times with her buggy whip while he was in the buggy. The effect of his testimony and that of his sisters, if believed, would have established his defense of self-defense, but the testimony of Mrs. Webster and her husband on the other hand, showed a state of facts, if believed by the jury, which would justify them in convicting appellant and believing that he did not act in self-defense. The testimony without contradiction shows that the appellant repeatedly struck Mrs. Webster with his buggy whip, severe licks, in one cutting the blood and in several others severely bruising her body. Practically the only question is whether the evidence established, without question, his claim of self-defense, or whether the evidence would justify his conviction and not sustain his self-defense. The evidence was sufficient to have justified the jury to have found either way. They evidently believed the theory of the State and not his self-defense and the evidence is sufficient to sustain their finding and the judgment of the court.

The court in the main charge substantially and fully submitted to the jury for a finding self-defense. In addition, the court gave appellant's special charges on that subject as follows:

No. 1. "You are charged that when a person is unlawfully assailed, he had the right to use force against force, and to defend himself by the use of every means in his power to defend himself against such assault.

"In this connection you are charged that the witness Nevada Webster

in making an attack upon the defendant with a buggy whip made an unlawful assault upon him and that he had a right to defend himself from such attack, and if you believe from the evidence that the defendant in striking the said Nevada Webster with a whip acted in his own necessary defense against such attack upon him, and that he did not use greater force than under the circumstances appeared to him to be necessary to cause the said Nevada Webster to desist from the attack on him, then you will acquit the defendant.

"And in this connection you are further charged that a person assailed is not bound to retreat, but stand his ground, and protect himself against an unlawful attack made upon his person by another."

No. 2. "You are charged that a person has the same right to use force reasonably necessary to defend himself against an unlawful assault made by a woman as though the assault were being made by a male."

No. 3. "You are charged that even though you believe that defendant had been keeping company with the daughter of the alleged injured party against her consent and over her protests, that such conduct on part of the defendant would not justify said Nevada Webster in making an assault upon the defendant with a whip, and the defendant upon being attacked had the right to use such force as was reasonably necessary to protect himself against assault."

This fairly and fully submitted the question to the jury.

Appellant has no bills of exception whatever. In his motion for new trial he complains of the admission of the State's testimony in several particulars and says it will be shown by his bills of exceptions, numbering them, but there are no such bills in the record and, of course, these questions raised merely by motion for new trial can not be considered.

Appellant also, in his motion for new trial, complains in some particulars of certain paragraphs of the court's charge, but the established law of this State is that in misdemeanors such matters can not be considered unless shown by bill of exceptions to the charges given, giving the reasons therefor, and requesting special charges covering the points which, if refused, shall also be excepted to and shown by bill of exceptions. Nothing of the kind occurs in this case. So that the motion in these respects presents no error. Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 320, and cases there cited. It is unnecessary to cite any others. This is the uniform holding of the court.

The verdict of the jury as shown by the judgment and record is: "We, the jury, find the defendant guilty of aggravate assault and assess his punishment in the county jail one month and fine him one hundred dollars ($100)." While there are some informalities in this verdict, it was clearly sufficient under all the decisions of this court.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, absent.