ROBERT SPEARS v. THE STATE.

No. 6586.    Decided January 11, 1922.

Rehearing denied February 8, 1922.

**1.—Robbery—Severance—Bill of Exceptions—Practice in Trial Court.**

In the absence of an affidavit by defendant asking for a severance, and the record showing that counsel for the co-defendant demanded a severance, which was granted, and thereafter the court directed that the defendant be placed first on trial, there was no reversible error.

**2.—Same—Capital Case—Attorney and Client—Severance—Counsel Appointed.**

In a capital case, it would appear to be the duty of the court to appoint an attorney to defend the accused, and where such counsel demanded a severance for co-defendant and defendant was placed first on trial there was no reversible error. Following Brown v. State, 52 Texas Crim. Rep., 267.

**3.—Same—Jury and Jury Law—Convict—Practice in Trial Court—Waiver.**

Where, after a juror had been selected and sworn, it was discovered that he had been convicted of a felony and had served a term in the peniten-

tiary, there was no error in bringing the juror into court to ask him if he had been pardoned, and his citizenship restored; which he answered in the affirmative and then served on the jury. And this although defendant waived his objection. Following Rice v. State, 52 Texas Crim. Rep., 359.

### 4.—Same—Evidence—Bill of Exceptions—Circumstantial Evidence.

Upon trial of robbery there was no error in admitting testimony that witness first saw defendant at a certain time and place and that he also saw defendant's co-defendant and defendant's mother in jail at said time and place; besides, the bill of exceptions was defective in not pointing out the facts to show the alleged error.

### 5.—Same—Evidence—Bill of Exceptions—Recovery of Stolen Property.

Upon trial of robbery there was no error in introducing testimony to show when and where the alleged stolen property was found, and that the defendant's co-defendant was present and disclosed its whereabouts where it was discovered; besides, the bill of exceptions was defective in being in question and answer form.

### 6.—Same—Evidence—Identification of Property.

Where, upon trial of robbery, the alleged owner identified while a witness of the State without any contradiction or dispute the said alleged stolen property, the complaint that he also did so outside of the court-room was no reversible error.

### 7.—Same—Identification of Property—Harmless Error—Ownership.

There being no dispute over the identity of the alleged stolen property, proof of the fact that the witness identified the same also outside of the court-room was harmless, although an *ex parte* identification of property by the owner out of the presence and hearing of the accused would not prove ownership.

### 8.—Same—Evidence—Bill of Exceptions—Flight—Acts of Defendant—Right to Object.

Where the bill of exceptions was in question and answer form, the same cannot be considered on appeal, but when considered the court finds no reversible error, as all the testimony with reference to the movements of the parties and their flight was admissible in evidence. However, the court should not deny the accused the right to state his objection to any proceeding, but the defendant having not taken a bill of exceptions to the denial of such right the specific question is not before this court, and there was no reversible error.

### 9.—Same—Evidence—Cross-Examination—Defendant as a Witness—Letters.

The fact that the co-defendant with defendant was in El Paso, Texas, in response to letters written by defendant, was material and admissible in evidence, as also the contents of such letters, and there was no reversible error.

### 10.—Same—Evidence—Bills of Exception—Flight—Right to Object.

Where appellant's counsel stated to this court in his brief that he was not allowed to make objections as the trial proceeded, and that he took no bill of exceptions to the refusal of the court to allow him to make such objections, and that he was compelled to take them in bulk at the conclusion of the cross-examination, but the matter is not properly presented to this court, the same cannot be reviewed and the record showing that the testimony of witnesses was admissible in evidence to show flight, etc., there was no reversible error.

**11.—Same—Sufficiency of the Evidence.**

Where, upon trial of robbery by firearms, the testimony sustained the conviction, there was no reversible error.

**12.—Same—Rehearing—Evidence—Letters—Conspiracy—Declarations of Defendant.**

Where appellant in his motion for rehearing again insisted that the trial court had erred in allowing the State to introduce evidence that he had written to his co-defendant several letters, and to interrogate appellant with reference thereto, this court after again examining the record finds no error in admitting such testimony, and holds that the prior acts and declarations of the person engaging in the robbery with a common design were admissible in evidence. Following White v. State, 50 Texas Crim. Rep., 559, and other cases.

**13.—Same—Evidence—Other Transactions—Bill of Exceptions—Flight.**

It does not require argument to make it clear that an objection such as this contained in a bill of exceptions and referring to evidence set out in said bill covering five pages of questions and answers is not in form as required by the rules; besides, when considered there was no reversible error in showing the flight of the defendant, with his co-defendant, in a certain automobile; and the fact that certain circumstances are in evidence connected with the flight of defendant which would seem to reflect the commission of another crime will not render it inadmissible.

**14.—Same—Co-Defendant—Bill of Exceptions—Severance.**

Where the bill of exceptions to the action of the court in allowing the co-defendant a severance was defective, in not pointing out the particular error, yet, when considered there was no reversible error in the absence of an affidavit by defendant for a severance.

Appeal from the District Court of El Paso. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of robbery by firearms; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Hudspeth, Wallace & Harper,* for appellant.—On question of showing other transactions and identification of stolen property: Curtis v. State, 52 Texas Crim. Rep., 606; Gardener v. State, 55 id., 402; Gilbraith v. State, 41 Texas, 567; Brown v. State, 112 S. W. Rep., 80; Red v. State, 39 Texas Crim. Rep., 424; Monroe v. State, 56 id., 444.

*R. G. Storey,* Assistant Attorney General, and *C. L. Vowell,* for the State.—On question of other offenses: Pelton v. State, 60 Texas Crim. Rep., 412; Haley v. State, 87 id., 519.

LATTIMORE, Judge.—Appellant was convicted in the District Court of El Paso County of robbery with firearms, and his punishment fixed at fifteen years in the penitentiary.

Appellant and George Gunther were jointly indicted herein. There appears in the record a bill of exceptions to the action of the trial

court in granting a severance. The contention seems to be based solely upon the ground that Gunther, codefendant of appellant, did not demand such severance. We need not set out at length the recitals of the bill. The court appointed Hon. L. A. Dale to represent Gunther, who was without counsel. This being a capital case, it would appear to be the duty of the court to make some such appointment. Brotherton v. State, 30 Texas Crim. App., 369; Brown v. State, 52 Texas Crim. Rep., 267. The counsel so appointed for Gunther demanded a severance, which was granted, and thereafter the court directed that appellant be placed first on trial. There seems to have been no affidavit made by appellant asking that Gunther be first tried as is provided by Article 727, Vernon's C. C. P. We do not think any error is shown in the matter.

After the juror Cole had been selected and sworn herein, it was discovered that he had been convicted of a felony and had served a term in the penitentiary. The juror was brought before the court and asked if he had been pardoned and his citizenship restored, to which he stated that he had, and he was then returned to the jury room and served as a juror herein. We do not think the objection of appellant to the action of the court in bringing said juror into open court and ascertaining said matters, was well taken. True, appellant offered to waive any objection based on said conviction, but it is statutory that the disqualification resulting from a felony conviction without subsequent pardon, cannot be waived. Article 695, Vernon's C. C. P.; Rice v. State, 52 Texas Crim. Rep., 359. The examination of said juror relative to this matter was not had in the presence of any other member of the jury or of the panel, and we are unable to discern possible injury to appellant, or ground of complaint.

We have carefully examined appellant's bill of exceptions No. 3 complaining that the witness Gere was allowed to testify that he first saw appellant in Albuquerque, N. M., January 28, 1921, and that he saw George Gunther and Mrs. Gregory, mother of appellant, in jail in Albuquerque on said occasion. There appears approximately two pages of the recitals of grounds of objection to the above testimony, but no where is there any statement of such facts as will enable us to know that the evidence was objectionable. The statement of his ground of objection by appellant's attorney, does not establish the truth of the matters so stated. As far as we can learn from said bill, appellant may have been arrested on said occasion for the robbery herein, and there may be abundant testimony in the record making material the fact that the witness Gere saw Gunther and Mrs. Gregory in jail on said occasion. Unless the bill itself shows such facts as make apparent the error complained of, it will be of no avail.

Appellant's bill of exceptions No. 4 consists of two pages of questions and answers, many of which are clearly material, and to all of which a general objection and exception are addressed. In this condition the bill presents no error so that same can be considered

by us, but in passing we observe that it might be very material for the State to show when and where the alleged stolen property was found, and that Gunther, alleged coprincipal with appellant, was present and disclosing its whereabouts when same was discovered.

Complaint is made of the fact that the alleged injured party and owner of the alleged stolen property, outside of the courtroom, identified as his property the watch and stick-pin taken from him at the time of the alleged robbery herein. Dixon, the alleged owner, was a witness on this trial. As far as the bill discloses he identified while a witness without any contradiction or dispute, said property. The trial court's qualification to this bill sets forth that by appellant's cross-examination of Mr. Dixon and by the testimony of certain other witnesses appellant sought to discredit Dixon and to show contradictory statements on his part. There being no dispute over the identify of said property, proof of such fact would be wholly harmless, if inadmissible. It is true that in the absence of other evidence of ownership, such fact cannot be proven by testimony of *ex parte* identification of the property by the owner out of the presence and hearing of the accused. Anderson v. State, 14 Texas Crim. App., 49; Cannada v. State, 29 Texas Crim. App., 537. The bill complaining of this matter shows no error.

Appellant's bill of exceptions No. 6 consists of two pages of questions and answers, a part or all of the testimony of Mrs. Ella Gregory, the mother of appellant. We have held any bill of exceptions in this form to be not in conformity with the rules and have refused to consider same. In stating his ground of objection to this testimony, appellant's counsel says that he was not permitted to make specific objections to the various questions propounded, but was given to understand that he could make any objections that were legal after the testimony was all introduced, and he thereupon proceeds to state many and various grounds of objection. The bill is approved by the trial court without explanation. We do not feel inclined to set the seal of approval upon such proceedings. The complaints of appellant are directed at no particular question as should be done, but are stated in bulk at the conclusion of the testimony. We doubt the power of the trial courts to deny to the accused the right to state his objection to any proceeding, but the appellant having taken no bill of exceptions to the denial of such right, the specific question is not before us. Nor do we believe this court called upon to consider objections stated in general terms as being to all of the testimony quoted in question and answer form upon certain subjects appearing in the evidence of a certain witness. The practice in regard to these matters is well understood and should be adhered to. If the appellant does not care to insist upon his right to interpose objections to questions asked, he at least in stating his objections must address them to particular questions. In view of the fact that this matter is here in this condition apparently for the first time, we have gone through the testimony set

out in said bill of exceptions as well as the objections stated in bulk. We think it proper in a case such as the one before us to show that the witness, Ella Gregory, mother of appellant, and a witness on his behalf, had been arrested and charged with crime imputing moral turpitude; that appellant and his codefendant Gunther left Texas together, and in a stolen automobile; that the witness was with them; that the party were arrested near a point in New Mexico where the alleged stolen property was afterward found. The insignificant details connected with these main facts, which appear in many of the questions, would not seem of any injury to appellant.

We find nothing in the cross-examination of appellant as set forth in bill of exceptions No. 7 which would present any reversible error. The fact that Gunther, codefendant with appellant, was in El Paso in response to letters written him by appellant, would seem material; as also the contents of letters written by appellant to Gunther telling him of conditions in El Paso, and that there was easy money out there.

Appellant's bill of exceptions No. 8 is in substantially the same condition as his bill No. 6, except that we are here confronted with five pages of questions and answers in the cross-examination of appellant. Again appellant's counsel states that he was not allowed to make objection as the trial proceeded, and again he took no bill of exceptions to the refusal of the court to allow him to make such objection, and again we are confronted by objections stated in bulk at the conclusion of the cross-examination. While it is true that the time of courts and juries should not be taken up with frivolous objections,—a matter which will not often occur,—still it is difficult to conceive that a situation could come about in which the accused could properly be denied his right to make his objection, and take his exception when the supposedly erroneous matter arises. Such a situation has not been brought to the attention of this court before, and we trust will not again. If it does the court will be under the necessity of reversing the case without having to laboriously search through page after page of questions and answers in order to ascertain if any of them show sufficient basis for objections made in bulk at the conclusion of the testimony of a witness apparently in accord with the direction of the trial court. To some extent this principle is discussed in Weig v. State, 81 Texas Crim. Rep., 480. Considering said bill, we observe that the theory of the State was that appellant and Gunther were acting together in the instant case and others. Appellant denied all complicity with Gunther. It was proper to show that within a short time after Gunther came to El Paso and within two weeks after the alleged robbery herein, that Gunther and appellant fled from the State in a valuable automobile, and that same was stolen, and that the mother of appellant went with them. The mass of cross-examination set out in said bill, through which we have carefully gone, seems to us to contain no matter of injury to appellant.

Mr. Dixon swore positively that appellant and Gunter held him up at the point of a pistol and took from him his watch and pin, and then drove away in his car. The car was recovered the next morning. The watch and pin were found in a can about fourteen miles from Albuquerque, New Mexico, at a point near where appellant, his mother and Gunther were arrested in said stolen car, by certain policemen.

Finding no error in the record the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

February 8, 1922.

LATTIMORE, JUDGE.—This court's only purpose in what may be said regarding the procedure had in any case, is that its ruling in the particular case may be understood, and that such procedure, if erroneous, may be avoided in future trials of the same or other cases. We tried to say in our opinion herein that the accused has a right to be heard by counsel to present his objection to any proceeding had on his trial, and that he may not be compelled to wait until a witness giving objectionable evidence, has finished his testimony, before presenting to the court his objection to the various matters in such examination. We do not think the trial courts likely to attempt to put counsel in jail for contempt, whose only offense is that he has offered to make his objection to supposed errors when committed. In the instant case we did consider the objections made at the conclusion of the testimony of the various witnesses. It is insisted anew that the trial court erred in allowing the State to introduce evidence that appellant had written to George Gunther several letters, and to interrogate appellant when on the witness stand as to the contents of a letter written by him to Gunther before the latter came to El Paso. It appears from the bill that the State showed to appellant while on the witness stand, a letter written by him, and asked him if he did not write same to George Gunther, to which appellant replied, yes. He was then asked if in that letter he did not tell Gunther there was easy money out here and to come on out. Appellant answered that he did, but that he did not refer to El Palso but to Old Mexico. He was then asked if he did not write Gunther to come out here and they would go over to Juarez and hold them up, which was denied by appellant.

The State's theory throughout was that after Gunther came to El Paso at appellant's solicitation, he and appellant engaged in joint theft enterprises. We see no objection to the evidence. Whether appellant's statement to Gunther that there was easy money out here was susceptible of a construction hurtful to him, was a question for the jury. Appellant was permitted to make his explanation, which was also for the consideration of the jury. Appellant denied telling Gun-

ther if he would come out they would go over to Juarez and hold them up. If this was not .in the letter it could have. been easily demonstrated by an exhibition of same to the jury. Appellant does not seem to have sought to avail himself of such privilege. No objection was made that the questions of the State called for secondary evidence of the contents of a letter. The principle involved is not akin to that which rejects evidence of a separate and disconnected crime, such as was referred to in Watson v. State, 88 Texas Crim. Rep., 227, 225 S. W. Rep., 754. We think the principle rather applicable to prior acts and declarations of persons engaging with a common design in crime. Blaine v. State, 33 Texas Crim. Rep., 247; Baker v. State, 45 Texas Crim. Rep., 392; Smith v. State, 48 Texas Crim. Rep., 241; White v. State, 60 Texas Crim. Rep., .559.

We have also carefully considered what is said by appellant in his motion for rehearing in regard to the matters complained of in bill of exceptions No. 8. Appellant's objection as set out in this bill of exceptions was to no question or answer, but appears to be stated thus: "The defendant now urges the objection that all of said testimony other than that which shows that he was under indictment in the district court, for the purpose of affecting his credibility as a witness, was inadmissible, and especially that portion of said testimony which tended to show that the defendant was not only under indictment charged with aiding in conveying a stolen car from the State of Texas to New Mexico, but was more than likely guilty of said offense, it being an entirely different transaction for which he was on trial, was wholly inadmissible for any purpose," etc. It does not require argument to make it clear that an objection such as this contained in a bill of exceptions and referring to evidence set out in said bill covering five pages of questions and answers, is not in form as required by the rules. We have again reviewed the facts as same appear in said bill of exceptions, in an effort to give to appellant the benefit of any objection, but are not able to conclude that any of said evidence was inadmissible. Appellant was charged in the instant case with robbery, it being claimed by the State that part of the property taken by him and Gunther on the occasion in question was an automobile. Appellant denied positively that he was with Gunther and participated in theft or robbery with him. The evidence set out in said bill of exceptions shows that appellant was under indictment for sundry other felonies, shows when and where he had been arrested, and when and how he fled from the State of Texas. We are unable to find anything in said cross-examination which does not appear to be within the rules. Evidence of flight is always admissible. The fact that such flight was in a fine car and with the man charged to be his co-actor, in the instant robbery, would not seem to be objectionable. The fact that circumstances are in evidence connected with the flight of appellant, which would seem to reflect the commission of another crime, has often been held not to render such circumstances inadmissible.

Appellant complains of the fact that we did not fully set forth the grounds of his bill of exceptions No. 1. Said bill consisted of a lengthy recitation of matters which seem to us to present no valid ground of objection. It was recited therein that appellant and George Gunther were jointly indicted, and that when the case was called for trial, the lower court asked Gunther if he desired a severance, and that Gunther replied that he did not, and that the trial court then requested some attorney to act as attorney for Gunther, and for reasons stated such attorney asked to be excused, and that thereupon the court asked still another attorney to act for said Gunther, and that said other attorney for reasons stated also asked to be excused, and that the court then appointed Hon. L. A. Dale, who accepted such appointment and requested a severance on behalf of his client. We could see no good reason for setting forth the various matters contained in the bill of exceptions relating to statements made by the various attorneys as to their reasons for not accepting the appointment of the court and for not representing Gunther. Just what ground of any claim for injury to appellant appeared in any of the matters set up in bill of exceptions No. 1, was not perceptible to us. If it was that appellant desired to use Gunther as a witness in his behalf, he had the right to make an affidavit for severance himself, and ask that Gunther be put upon trial upon a statement of his belief that Gunther would be acquitted. If no severance had been had, and Gunther had declined to take the witness stand for any reason satisfactory to him, appellant could not have used him as a witness, and we see no ground of complaint.

Being unable to agree with appellant in his contentions, the motion for rehearing will be overruled.

*Overruled.*