### Leo Wright v. The State.

No. 10014. Delivered March 17, 1926.

1.—Possessing Equipment for the Manufacture of Intoxicating Liquor—Bill of Exception—Incomplete—Not Considered.

Where a bill of exception complains of the refusal of the court to exclude evidence and the motion is indefinite, and contains no sufficient

description of the evidence sought to be excluded, such bill is incomplete and cannot be considered. A bill of exception must make plain, by its recitals, the propositions complained of as erroneous, and properly set out the facts supporting same.

### 2.—Same—Search and Seizure Act—Statute Construed.

Chapter 149, Acts of 39th Legislature, forbids only the search of the *private residence, actual place of habitation, place of business, person or personal possessions*, without a search warrant, and the provisions of this statute cannot be extended to other premises than those specifically described. If there was a search in the instant case, the place searched is not shown to have been one of those named in the statute.

### 3.—Same—Impeaching Witness—Rule Stated.

It has always been held a proper impeachment of a witness to show that he has been convicted of a felony, or an offense imputing moral turpitude, and if the witness denies that he has been convicted of such an offense, the state may by proper proof show the truth of such statement so denied. See Branch's Ann. P. C., Sec. 167, and collated authorities.

Appeal from the District Court of Archer County. Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction for possessing equipment for the purpose of manufacturing intoxicating liquor, penalty five years in the penitentiary.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in district court of Archer county for possessing equipment for the purpose of manufacturing intoxicating liquor; punishment fixed at five years in the penitentiary.

There are three bills of exception. The first is to the refusal of a motion to exclude evidence. The motion is indefinite and contains no sufficient description of the evidence sought to be excluded. There is in said bill no showing, either by direct averment or statement of the facts, that the evidence referred to was obtained in violation of any law, or provision of the Constitution. We are not allowed under all the rules and precedents, to consider a supposed error in a bill which wholly fails to make plain by its recitals the proposition complained of as erroneous, and fails to set out the facts supporting same.

The language of Chapter 149, Acts of the 39th Legislature, goes no further than to forbid search of the "private resi-

dence, actual place of habitation, place of business, person or personal possessions," without search warrant; and we would be without authority to extend the provisions of the statute to other premises than those specifically described. We are commanded by Art. 25 C. C. P. to so construe, when construction is needful, the provisions of the Code as to attain the objects of the law—the suppression, prevention and punishment of crime. If there was a search in this case, the place searched is not shown by this bill to be one of those named.

Neither of the other bills show error. A person who is a witness, may be asked, for purposes of impeachment, if he has not been convicted for a felony or an offense imputing moral turpitude. If he deny it, the state by proper proof may show the truth of such statement so denied. Branch's Annotated P. C., Sec. 167, and collated authorities.

Paragraphs three and five of the main charge sufficiently cover the proposition embraced in the special charge, the refusal of which is complained of in bill of exceptions No. 3. The evidence amply supports the verdict.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*