## OTIS EVERSOLE V. THE STATE.

No. 10810.   Delivered March 23, 1927.

Rehearing denied May 4, 1927.

1.—Theft of Cattle—Charge of Court—Issue Correctly Submitted.

Where, on a trial for theft of cattle, appellant excepted to the court's charge because it failed to instruct the jury that if they should find that the animal alleged to have been stolen was the property of Howard Smith at the time, or if they had a reasonable doubt thereof, to acquit the defendant, and it appears from the record that this defensive issue was properly submitted in paragraph 6 of the court's main charge, no error is shown.

2.—Same—Misconduct of Jury—Not Shown—Discretion of Court.

Where appellant complained of the misconduct of a juror in a statement said to have been made after the verdict had been received and the jury discharged, evidence having been heard on the issue, and the trial court having resolved it against appellant, his action will not be disturbed. This is a matter left largely to the discretion of the trial court, and unless it be shown that this discretion has been abused, his determination will not be disturbed. See Todd v. State, 248 S. W. 695.

3.—Same—Evidence—Search and Seizure—Not Involved.

Where a witness testified to having gone into appellant's barn to conceal himself, and there watched the appellant and another kill the alleged stolen cow, the search and seizure law was in no way involved in this transaction. No search of the barn or any other house was shown, but only that witness concealed himself in the barn for the purpose of observing the movements of the appellant. See Art. 4a, C. C. P.   Wright v. State, 281 S. W. 864.

4.—Same—Evidence—Order of Introduction—Within Discretion of Court.

Appellant complains of the action of the court in admitting evidence in rebuttal which he contends was not in rebuttal of anything offered by him.   The order of introduction of testimony on the trial of a criminal case is a matter entirely within the discretion of the trial court, and unless and abuse of this discretion is shown, the action of the trial court will not be disturbed.

ON REHEARING.

5.—Same—No Error Discovered.

On rehearing, appellant presents the same questions decided in the original opinion.   A further examination of the record does not convince us that the matters were not correctly determined, and his motion for rehearing is overruled.

Appeal from the District Court of Fort Bend County.   Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for theft of one cattle, penalty four years in the penitentiary.

The opinion states the case.

*F. O. Fuller* and *C. H. Chernosky* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, ·for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense of cattle theft and sentenced to four years in the penitentiary.

The facts show that at the time appellant was arrested he, together with others, was engaged in butchering a cow belonging to the Rowland Mason Company, a partnership composed of Rowland Mason and I. Gross. The cow was identified as the property of said Rowland Mason Company by state's witnesses J. H. Rhodes and Graves Peeler.

The appellant defended on the ground that the cow he is charged with having stolen was the property of Howard Smith, an employe of his; that Howard Smith had been after him for some time to butcher the cow, and on the evening the cow was butchered Smith asked him if he would not help him get the cow and appellant told him that he would; that the cow was within about thirty yards of his house; that he did help drive her in the lot on the evening before she was butchered on the next morning; that he did that at the request of Howard Smith, who claimed to own the cow.

Appellant complains of the trial court's refusal to give his special charge, challenging the sufficiency of the evidence. We are unable to agree with this contention for the reason that the facts amply support the verdict of the jury.

Appellant excepted to the court's charge because the court failed to instruct the jury that if they should find that the animal alleged to have been stolen was the property of Howard Smith at the time, or if they had reasonable doubt thereof, they would find him not guilty. Reference to paragraph 6 of the court's main charge disposes of this objection.

By his first bill of exception, appellant complains of the misconduct of a juror. An examination⁄ of this bill discloses that the misconduct complained of relates to statements said to have been made by the juror after the verdict had been received and the jury discharged. The juror denied making any such statement as that complained of in the bill, and the issue was submitted to the trial court who resolved it against the appellant. This being a matter left largely to the discretion of the trial court and it not appearing that such discretion has been abused, the bill presents no error. Todd v. State, 248 S. W. 695.

By the next two bills of exception, the appellant complains of the testimony of the witness Graves Peeler who testified that he crawled up in the appellant's barn and stayed there all night,

and the next morning about daylight the appellant came out and fed some horses and milked the cows and attended to the chores around the barn, and then got his rope and roped the alleged stolen cow, and a man named Dumas and one Howard Smith and the appellant pulled the cow up close to a post, and Smith knocked her in the head, and Dumas stuck her, and they proceeded to skin her, and when they got the cow partly skinned witness walked out of the barn and asked the appellant what he was doing butchering that cow, and arrested him. This testimony was objected to by the appellant at the time it was offered on the grounds that the testimony affirmatively shows that the witness was not armed with a warrant of arrest or a search warrant; that the witness was on the premises of the appellant without the consent of the appellant and had no lawful right there and because such testimony is prejudicial to the rights of the appellant. We are unable to agree with appellant's contention. There is no showing in the bill that the barn in which the witness remained all night was a private dwelling occupied as such, or that it was in any way connected with or adjacent to such dwelling, and further, the bill does not show that the barn was a place forbidden to be searched under the provisions of Art. 4a, Code of Criminal Procedure, but merely shows the witness concealed himself there for the purpose of observing the movements of appellant. Wilson v. State, No. 10281, from Bowie County, opinion delivered February 2, 1927; Leo Wright v. State, 281 S. W. 864.

By the next bill of exception, the appellant complains of the action of the court in admitting evidence in rebuttal which he contends was not in rebuttal to anything offered by appellant. This is a matter entirely within the discretion of the court and, unless an abuse of the court's discretion is clearly shown, which does not appear in this bill, same would not be reversible error.

The next bill complains of the argument of the District Attorney. This bill, as qualified by the trial court, presents no error.

The evidence being ample to sustain the verdict of the jury, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have gone over the record in the light of appellant's contention in his motion for rehearing, but

find ourselves unable to add anything to what was said in the original opinion. We are not inclined to agree with the contention that the testimony of the state witness who secreted himself in appellant's barn and from that point of observation saw the things which, if true as testified to by him, made out a case against the appellant, was inadmissible. We do not believe there was any violation of the so-called search and seizure law. The testimony was admissible.

The motion for rehearing will be overruled.

*Overruled.*