JUAN BROQUETTE V. THE STATE.

No. 10950.   Delivered June 8, 1927.

Rehearing denied October 26, 1927.

**1.—Burglary—Argument of Counsel—When Objected To—Rule Stated.**

Appellant's objection to the argument of counsel for the state, which was first presented to the court in his motion for a new trial, cannot be considered. Objection to argument must be made at the time it is delivered, and not after it has passed beyond the power of the court to correct. Following Hicks v. State, 93 Tex. Crim. Rep. 373, and other cases cited.

ON REHEARING.

**2.—Same—No Error Disclosed.**

On rehearing, it not being made to appear that we were in error in our disposition of this case, as is set forth in our original opinion, the motion for rehearing is overruled.

Appeal from the District Court of Jim Wells County. Tried below before the Hon. Hood Boone, Judge.

Appeal from a conviction for burglary, penalty four years in the penitentiary.

The opinion states the case.

*E. G. Lloyd, Jr.,* of Alice, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, Judge.—The appellant was convicted of burglary, and his punishment assessed at four years in the penitentiary. This is an appeal from a plea of guilty.

There are no exceptions or objections to the court's charge. There is in the record only one bill of exception which complains of certain argument made by the District Attorney, which we will not set out because the bill cannot be considered. From a close examination of the entire record, we find that no objection was made to the argument and no exception taken thereto, and no request for instructions to disregard it was presented to the court. This identical question was passed on by this court in the case of Hicks v. State, 93 Tex. Crim. Rep. 373, 261 S. W. 579, from which we quote as follows:

"It appears from the record that the first information the trial judge had that any complaint was made to the argument was when it was presented in the motion for new trial. It was then too late to complain of a matter which, if it occurred, had passed beyond the power of the court to correct. We do not discuss the matter further than to refer to the following cases, all of which discountenance the consideration of objection to argument where presented in like manner as here appears. Weige v. State, 81 Tex. Crim. Rep. 476, 196 S. W. 524; Spears v. State, 91 Tex. Crim. Rep. 51, 237 S. W. 270; Simmons v. State, 93 Tex. Crim. Rep. 421, 248 S. W. 392; Harris v. State, 93 Tex. Crim. Rep. 544, 249 S. W. 485."

The record in the instant case discloses that the objection to the argument complained of in the bill was first raised in appellant's motion for a new trial. For the reasons set out above, the learned trial judge committed no error in overruling appellant's motion for new trial.

This being the only question in the record for our consideration, and the facts being sufficient to support the verdict, we are of the opinion that the judgment of the trial court ought to be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE. — Appellant objects to the disposition made of his bill of exception, insisting that we misapprehended it, and now urges that it was intended to bring forward a complaint of misconduct of the jury.

In his motion for new trial appellant for the first time complained of certain argument of the District Attorney, averring in connection therewith that the jury considered such argument but for which the penalty assessed would likely have been different. He could not well urge that no conviction would likely have resulted in the absence of such argument because a plea of guilty had been properly entered. There is no averment in said motion of any misconduct of the jury further than that it is alleged they considered the improper argument against which no complaint had been interposed. Upon the hearing of said motion appellant offered two jurors by whom he proposed to prove that the jury was influenced by the District Attorney's argument, and his bill is really a complaint at the court's refusal to receive the evidence of these jurors. The whole matter goes back to the alleged improper argument. In the absence of timely objection to it the incident cannot be considered, as will appear from the authorities cited in our original opinion. We may add that in view of the agreement of appellant entered into in open court with the District Attorney, as shown by the court's explanation to the bill of exception, it may be seriously questioned whether the argument was so seriously improper as is now claimed.

The motion for rehearing is overruled.                    *Overruled.*