JIMMIE HENSLEY v. STATE.

No. 24476. November 9, 1949.

No attorney of record on appeal for appellant.

*E. W. Boedecker,* County Attorney, Leveland, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted under an information charging drunk driving and assessed a fine of $200.00 and 10 days in jail, and appeals therefrom.

No statement of facts nor bills of exception appear in the record.

This trial appears to have been held on March 2, 1949, verdict returned on the same day at 3:10 o'clock p. m., and judgment entered on the same day, at which time the appellant gave notice of appeal to this court. On the following day (March 3, 1949) appellant, in open court, entered into his recognizance in the sum of $500.00 with his sureties and was enlarged thereunder. On March 4, 1949, appellant filed a motion for a new trial, alleging therein certain misconduct of the jury, to which motion there were appended certain affidavits. The trial court took no action on such motion, evidently under the impression that since the notice of appeal had been given and entered on the preceding day, he had no jurisdiction in the matter under Article 828, C. C. P., which reads in part as follows:

"The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken."

The proper procedure herein would have been for the appellant's attorney to have withdrawn his notice of appeal and thereafter to have requested permission to file and present his motion for a new trial. This he failed to do. See Williams v. State, 145 Tex. Cr. R. 536, 170 S. W. (2d) 482.

The verdict of the jury is complained of and reads as follows:

"GUILTY. Punishment Assessed 10 days in Jail & $200.00 Fine.

"(Signed) ORVILLE BYNUM
"Forman of Jury."

We are cited to the case of Shaw v. State, 2 Tex. App. 487, which holds that the omission of the word "find" before the words "defendant guilty" is fatal. We expressed the opinion in Moneyhun v. State, 138 Tex. Cr. R. 322, 136 S. W. (2d) 219, that the Shaw case, supra, had gone too far in demanding exactitude in jury verdicts in that if it can be reasonably ascertained from the words used what is the meaning of such verdict, this court will uphold the same. As to form, see Yates v. State, 72 Tex. Cr. R. 279, 162 S. W. 499; Fuller v. State, 98 S. W. 840; Branch's Ann. Tex. P. C., pp. 331-332, sec. 646.

In the case of McGee v. State, 39 Tex. Cr. R. 190, 45 S. W. 709, this court held as follows:

"* * * the rule being that, where the sense is clear, neither incorrect orthography nor ungrammatical language will render a verdict illegal or void, and that it is to be reasonably construed, and in such manner as to give it the meaning intended to be conveyed by the jury."

In the present instance, taken in connection with the trial court's charge, it is evident that the jury were told that appellant was charged with a certain offense, and they were instructed to find appellant either guilty or not guilty thereunder; and if found guilty beyond a reasonable doubt, then the punishment assessed was set forth in such charge and they were directed to find the same. We think the verdict was responsive to such charge, that is, they found him "guilty" and assessed his punishment at 10 days in jail and a fine of $200.00. In the Moneyhun case, supra, it was necessary to interpolate what was meant by the "90 days in jail", but in the present case, no such interpolation was necessary, the punishment being clearly assessed therein. We think no other construction would comport with reason than the one here given; and thus believing, the judgment will be affirmed.