GEORGE HEATH V. STATE

No. 27,402. February 16, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 6, 1955

C. O. McMillan and Sam M. Russell, Stephenville, for appellant.

Sam Cleveland, District Attorney, Stephenville, and Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is keeping a gambling house; the punishment, 2 years.

The appellant was shown to have a tenant house located approximately 150 yards to the rear of his farm home. At the

times involved in this prosecution, such house was unoccupied except that one room was used to store feed, seed and farm tools, while another room contained an old dining table, a divan and some chairs. There was no paraphernalia there present designed for the purpose of gambling.

To establish that this house was kept for the purpose of gambling, the state relied upon the following testimony.

Henry Parker testified that for a period of approximately six weeks prior to the date charged in the indictment he had, at the appellant's invitation, repaired to such house, ordinarily on Friday and Sunday nights, and had there gambled for money with cards with the six or seven men there assembled, including the appellant. He stated that the players came from different towns, some as far away as Fort Worth, and that the games had lasted as long as eight hours.

. Two of appellant's neighbors testified that they had, for varying lengths of time prior to the date charged in the indictment, on one or two nights a week, observed as many as eight automobiles arrive at appellant's home about dark and remain there until just before dawn and that while they were there a light could be seen in the tenant house.

Sheriff George and Ranger Roach testified that they had on two occasions, shortly before and on the day charged in the indictment, at night walked across the appellant's field and looked in the windows of the tenant house and there observed several men, including the appellant, seated at the table playing cards. They stated that money was on the table by the players, and one of the players at one time made the remark, "What do you think about me? I'm two hundred loser"; there was then "some discussion about what they had lost"; and one of the players said, "I'll bet three."

The appellant did not testify in his own behalf but offered the testimony of his wife, who told of their marital status and the contents of the tenant house.

It is upon this testimony that this conviction rests. Appellant challenges its sufficiency, his principal contention being that since the witness Parker testified that he came upon invitation this showed that the house was not held open to the public.

While it is true that some of the authorities in defining a

gambling house state that it is a place where people gather *without invitation* for the purpose of gambling, we do not think that one might circumvent the law by the simple expediency of extending invitations.

Appellant objected to the testimony of the sheriff and the ranger on the grounds that they were not armed with a search warrant and were unlawfully upon his premises.

The state relies upon Crowell v. State, 147 Texas Cr. Rep. 249, 180 S.W. 2d 343, and Eversole v. State, 106 Texas Cr. Rep. 567, 294 S.W. 210. The rule announced in those cases seems to be that if one is foolish enough to leave his windows uncurtained he may not complain if another comes upon his property and observes an illegal act being committed therein. In the Crowell case we discussed the holdings of the Supreme Court of the United States on the question.

Appellant contends that the trial court fell into error when he refused leave to file an amended motion for new trial alleging that one of the jurors who served upon his case was disqualified. An original motion for new trial was filed, overruled, and notice of appeal was given on September 21, 1954; and on the same day sentence was pronounced, and appellant entered into recognizance on appeal. He has since been at liberty under said recognizance. On October 27, within the same term, the appellant filed a motion for permission and leave to file an amended motion *but did not ask that his notice of appeal be withdrawn.* On October 29 the trial court refused permission to file and stated in his order that he did so because jurisdiction of the case was in this court and not in the trial court.

This situation has often been presented in this court. We quote from two decisions in which it is discussed. In Martin v. State, 153 Texas Cr. Rep. 470; 221 S.W. 2d 605, we said:

"His next complaint relates to the court's action in declining to permit him to file a motion for a new trial based on newly discovered evidence. He sought to file this motion long after he had given notice of appeal; had entered into a recognizance; and was released from custody under his recognizance. We do not think the court committed error in this respect since appellant did not ask leave to withdraw his notice of appeal and surrender himself to the sheriff. Therefore, under the holding of this court in the following cases there was no error committed by the trial court in declining to permit him to file his motion:

Tores v. State, 166 S.W. 523, and Humphries v. State, 186 S.W. 332."

Soon thereafter, in Hensley v. State, 153 Texas Cr. Rep. 616, 224 S.W. 2d 245, we said:

"The proper procedure herein would have been for the appellant's attorney to have withdrawn his notice of appeal and thereafter to have requested permission to file and present his motion for a new trial. This he failed to do."

Finding no reversible error, the judgment of the trial court is affirmed.

DAVIDSON, Judge, dissenting.

Because this appellant has been convicted by a jury composed of eleven qualified jurors and one disqualified juror, I cannot agree to the affirmance of the case. In my opinion, the conviction is void. I therefore enter my dissent.

Immediately after and on the same day the verdict in this case was returned, the trial court heard and overruled appellant's motion for a new trial and pronounced sentence. Notice of appeal to this court was given and appellant entered into a recognizance.

Some time thereafter, appellant learned for the first time that a member of the jury had been convicted of the crime of theft and, at the time he served on the jury, was disqualified from jury service.

Appellant set out such fact in an amended motion for new trial, which he filed, praying that a new trial be granted. In that motion, the appellant did not expressly pray to have the notice of appeal to this court withdrawn.

Upon the hearing of that motion, it was stipulated between the state and the appellant that the fact alleged in that motion was true—which was that one member of the jury had been convicted of the crime of theft and was, at the time, disqualified by reason thereof from serving on the jury.

The trial court entertained the view that he was without jurisdiction to hear the amended motion for new trial because of the prior notice of appeal and, upon that basis, overruled

the motion. The term of court at which this conviction was had and notice of appeal given was in session and did not adjourn until some two months later.

My brethren overrule appellant's contention and affirm this conviction in face of the admitted fact that a disqualified juror served on the jury, not because the trial court had lost jurisdiction to entertain the motion for new trial but because the appellant in his amended motion for a new trial did not ask to have the notice of appeal withdrawn.

I dissent for two reasons: (1) The verdict was absolutely void, and no valid conviction could be predicated thereon. (2) If the verdict and judgment entered thereon were not void, then the amended motion for new trial, the grounds for a new trial as stated therein, and the record as a whole were sufficient to constitute a prayer that the notice of appeal be withdrawn, which was necessary to the granting of a new trial and without which a new trial could not have been awarded.

Art. 616, Sec. 3, C.C.P., provides that a prospective juror may be challenged for cause if he has been convicted of theft or any felony. Art. 618, C.C.P., says that a juror, upon his examination, cannot be asked if he has been convicted of theft or any felony. Art. 619, C.C.P., says that no juror "shall be impaneled" if he has been convicted of theft or any felony and the parties cannot consent that a juror be impaneled who is subject to that disqualification.

Throughout the years prior to 1953, this court was steadfast in holding that under the statutes mentioned a juror who had been convicted of the crime of theft was absolutely disqualified from jury service and that such disqualification could not be waived. I call attention to some of the cases so holding: Rice v. State, 52 Texas Cr. R. 359, 107 S.W. 832; Lowe v. State, 88 Texas Cr. R. 316, 226 S.W. 674; Spears v. State, 91 Texas Cr. R. 51, 237 S.W. 270; Hughes v. State, 105 Texas Cr. R. 57, 284 S.W. 952; Hooper v. State, 126 Texas Cr. R. 118, 70 S.W. 2d 431; Burton v. State, 129 Texas Cr. R. 234, 86 S.W. 2d 768; Johnson v. State, 129 Texas Cr. R. 162, 84 S.W. 2d 240.

If the disqualification could not be waived, then a verdict by such a juror was void. In support of that conclusion I quote from the Johnson case where the court, speaking through Judge Lattimore, says:

"We observe that final conviction for theft is expressly named in Subdivision 3 of Article 616, C.C.P., as ground for challenge for cause of a proffered juror, and that Article 619, id., makes the fact of conviction for theft an absolute bar to the qualification of one who has been so convicted. In such case the incompetence of the juror cannot be waived, and the judgment and conviction would be void, and relief therefrom might be brought about by habeas corpus, but this court, upon the record before us, is in no position to act favorably."

No one appears to have doubted the correctness or soundness of the holdings in the case mentioned until 1953, when this court, in Ex parte Bronson, 158 Texas Cr. Rep. 133, 254 S.W. 2d 117, overruled the Johnson case and the holdings above quoted.

In the Bronson case this court lays down four rules governing procedure touching jurors who are disqualified because of conviction for the crime of theft or any felony.

First: The court recognizes that such a juror shall not be impaneled and that neither the state nor the accused can agree that he be impaneled. Second: The rule is announced that if a juror having the disqualifications mentioned be impaneled on the jury, the trial court may, of his own motion and without the consent of anyone, remove the disqualified juror from the jury. Third: A new trial should be awarded upon motion for new trial when it is made to appear that such a disqualified juror served on the jury.

The three rules stated are in keeping with the statutes and decisions.

It is the fourth rule that, to me, announces a new and hitherto unheard-of departure from the settled law of this state:

The court there holds that although a member of the jury that returned the verdict was disqualified because of having been convicted of the crime of theft, yet if no one found out about that disqualification or said anything about it before an appeal had been perfected or the conviction had become final, the judgment of conviction was valid and not subject to be corrected or attacked or the accused granted any relief against such a conviction. In other words, the failure of the accused to complain before appeal or final judgment validates the conviction and qualifies the juror.

How or by what process of reasoning my brethren approve that holding is indeed difficult for me to understand, especially in view of the positive command of Art. 619, C.C.P., which says that the parties cannot agree that such a disqualified juror is a qualified juror. Nor can I understand such a holding in the face of Art. V., Sec. 13, of our Constitution (in force at the time of this trial) which says that a jury in the district court "shall be composed of twelve men," which means—if it means anything at all—that the jury be composed of twelve men having the qualifications of jurors as prescribed by the statute law of this state. It does not and cannot mean eleven qualified jurors and one juror who is disqualified and whose disqualification cannot be waived. Art. 578, C.C.P.

No other construction may be given to the fourth rule above stated than that the accused is penalized for not ascertaining the fact of the juror's disqualification before notice of appeal or final conviction—and this, in the face of Art. 618, C.C.P., which says that a juror may not, upon examination, be questioned as to whether he has been convicted of the crime of theft or any felony. If the jurors cannot be asked about it, how is the accused to be charged with ascertaining the disqualification?

To my mind, the soundness of the holding in the Johnson case is thus demonstrated, and the rule which says that a conviction by a jury is void when a member thereof was disqualified because of a prior conviction of theft or any felony is unassailable.

The Johnson case should not have been overruled. It ought to be reinstated and adhered to.

But the conviction here does not have to be void in order that appellant might be relieved therefrom, for it is well settled, especially by the Bronson case, that a motion for a new trial should be granted where it is shown that a member of the jury was disqualified by reason of having been convicted of theft or any felony.

Here, appellant filed such a motion and the state agreed that a member of the jury that returned the verdict had been convicted of the crime of theft. Upon the face of the motion and the admitted facts, appellant was entitled to a new trial.

The trial court's reason for not granting the motion was

that he entertained the view that inasmuch as a notice of appeal to this court had been given he had lost jurisdiction to grant the motion and new trial.

It must be remembered that the term of court at which the judgment was entered had not adjourned but was still in session. Under the rule that a trial court has control of its judgments, orders, and decrees during term-time, a trial court may set aside a notice of appeal and re-open the case. Williams v. State, 145 Texas Cr. R. 536, 170 S.W. 2d 482.

So then, the trial court was here fully authorized to set aside the notice of appeal and hear the motion for a new trial. In fact, the setting aside of the notice of appeal was a condition precedent to and without which consideration could not have been given to the motion for new trial. In his motion for new trial, the appellant failed to expressly ask the court to set aside the notice of appeal.

Now my brethren affirm this case solely because the motion for new trial did not contain a specific prayer or averment asking that the notice of appeal be set aside. Such holding is made and this judgment is affirmed in the face of the admitted fact that the appellant was convicted by a jury of eleven qualified jurors and one disqualified juror.

To my mind, it is patent that the motion for new trial carried with it, of necessity, the request that the notice of appeal be withdrawn, because such was necessary in order that the motion might be heard and considered and the relief prayed for therein granted. Moreover, the trial court did not rest his decision upon the proposition that no express request was made to set aside the notice of appeal. He overruled the motion for new trial entirely for another reason.

This appellant has not been tried and convicted in accordance with law, and ought not be required to serve the sentence thereby imposed.