complain of this court's affirmance of that judgment.

All assignments of error briefed on motion for rehearing have been carefully considered, and being convinced that the judgment heretofore rendered is correct, the opinion is corrected as herein set out and the motion for rehearing is overruled.

Aaron GAINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 27493.

Court of Criminal Appeals of Texas.

May 4, 1955.

Firman H. Smith, County Atty., Brownwood, and Leon Douglas, State's Atty., Austin, for the State.

J. W. Reid and Theo. Ash, Abilene, for appellant.

MORRISON, Presiding Judge.

Appellant contends that he was forced to proceed to trial without the benefit of counsel.

From the statements of fact of the trial on the merits and the hearing on the motion for new trial, the following facts are apparent. The appellant was convicted in June of 1954 in the County Court of Brown County and assessed a fine and jail sentence. Appellant appeared before the judge of said court in order to enter into an appeal bond from such conviction and at the same time plead guilty to another offense, and his punishment was assessed at a fine. At this time a conversation took place between the appellant, his counsel, the county attorney and the judge, in which the instant case was discussed. The appellant's counsel told the county attorney that the search warrant in the instant case was no good and told the appellant that if the county attorney found out that the search warrant was bad he would not try the case. Appellant testified that he relied upon this statement of his attorney and made no effort to employ counsel or follow the progress of his case.

Two notices were published in a Brownwood newspaper stating that on September 15, 1954, there would be a call of the docket of the County Court of Brown County. The appellant did not appear on September 15, and his case was set for October 8, 1954. Appellant did not appear on said date, and the court sent the officers for him. When the appellant arrived in court he was given "five or ten minutes" to secure the services of an attorney, but, though he telephoned two attorneys, he was unable to secure their assistance, and the case then proceeded to trial.

Appellant's counsel would have us hold that his statement to appellant "that if the

county attorney found out the search warrant was bad he wouldn't try the case" relieved the appellant of all responsibility to employ counsel in his own behalf. We are not prepared to so hold. Appellant's attorney told his client, in effect, "I don't think the State can convict you and if the county attorney comes to the same conclusion he will not try your case," and nothing more. This did not relieve the appellant of the responsibility of employing counsel and making an effort to determine when his case would be tried.

In connection with appellant's first contention concerning the legality of the presence of the officers upon his premises and the admissibility of what they saw there before entering appellant's home, attention is directed to the holdings of this Court in Crowell v. State, 147 Tex.Cr.R. 299, 180 S.W.2d 343, and Eversole v. State, 106 Tex. Cr.R. 567, 294 S.W. 210.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.