**Jesse Wallace JACKSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42455.**

Court of Criminal Appeals of Texas.

Jan. 14, 1970.

Rehearing Denied March 11, 1970.

Tom L. Zachry, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., John Howze, Wayne E. Roberts and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the possession of marijuana; the punishment, ten years.

The record reflects that Loreine Russell, a twelve-year-old daughter of the woman who lived with appellant, carried some leaves to police officers and reported that appellant was growing the plants and making cigarettes from the leaves. After a test revealed that the leaves were marijuana, officers, accompanied by a chemist, drove to appellant's home, and from the street they could see the tops of marijuana plants growing near the house. Five growing plants were taken. Officer Williams went into the house and was granted permission to use the telephone by Rito Russell, a fourteen-year-old boy. As Officer Williams was making the call, appellant entered. Williams then warned him that he had a right to counsel; that if he could not afford counsel, the court would appoint one for him; that he did not have to make a statement and if he did, it could be used against him; and that he did not have to answer any questions unless his counsel were present. When asked if he understood his rights, appellant nodded. Williams then asked appellant for, and received, consent to search the house. He and Officer Ogden found a large can containing marijuana and a nickel matchbox full of marijuana, in addition to six small matchboxes containing traces of marijuana.

Rito Romero Russell testified that he was fourteen years of age and that he, his mother and sister had lived there with appellant for some ten years. He identified the plants from the photographs, that had been introduced, as marijuana that had been growing in their yard. He further testified that he had seen appellant gather and dry the leaves in the oven, roll them into cigarettes and smoke them. Appellant had taught him how to smoke the marijuana, and he had seen appellant take money for some of the cigarettes.

Appellant testified that he told Officer Williams that he did not know anything about the marijuana, did not consent to the search, had never seen the boxes or cans

that had been admitted and had never possessed marijuana.

Complaint is made that the court erred in admitting into evidence the marijuana seized at appellant's home. First, it is contended that the officers should have had a warrant before going to the house occupied by appellant, and that their entry on the premises was illegal.

 The testimony of Loreine Russell, who took the marijuana leaves to the officers, and the testimony of the officers that they saw marijuana growing in the yard was sufficient for the trial court to conclude that the officers could see that the felony offense of possession of marijuana was being committed.

Article 14.01, Sec. (b), Vernon's Ann.C. C.P., provides:

"(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

In Giacona v. State, Tex.Cr.App., 372 S. W.2d 328, the officers, without a warrant, were on the porch of an apartment house where Giacona lived when they smelled, and later saw, marijuana being smoked. This Court upheld the arrest and search. See Gil v. State, Tex.Cr.App., 394 S.W.2d 810, and Heath v. State, 161 Tex.Cr.R. 323, 276 S.W.2d 534.

In the present case, the officers saw the marijuana growing in appellant's yard from the street; there was no illegal entry.

 Next, appellant contends that he was not warned that he could refuse to consent to the search.

In Brown v. State, Tex.Cr.App., 443 S. W.2d 261, this Court held that the fact that there was a consent to search while Brown was under arrest without warrant does not render the consent illegal.

In the present case there was a Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, type warning that appellant

had a right to remain silent, and that he did not have to answer any questions unless counsel were present. See Phelper v. Decker, 401 F.2d 232 (5th Cir. 1968).

In Oliver v. State, Tex.Cr.App., 414 S. W.2d 679, the officers testified that appellant gave his oral consent to search. Oliver denied that he gave consent. No request was made to have the issue submitted to the jury. This Court held that the trial court did not err in admitting the evidence.

In the present case as in the Oliver case appellant did not ask to have an issue concerning his consent or lack thereof submitted to the jury.

The trial court did not err in admitting the plants seen from the street and the marijuana found in the house after consent was obtained.

There being no reversible error, the judgment is affirmed.