James Reid **CHRISTIAN** and Michael Joseph **Konen**, Appellants,

v.

The **STATE** of Texas, Appellee.

No. 47736.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Charles B. Herndon, Houston, for Konen.

David H. Berg, Houston, for Christian.

Carol S. Vance, Dist. Atty., Ted Poe and Ted Busch, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

### OPINION

DICE, Commissioner.

Appellants James Reid Christian and Michael Joseph Konen were convicted of the offense of unlawfully possessing a narcotic drug, to-wit: marihuana, and each was assessed punishment at confinement in the Texas Department of Corrections for three (3) years, probated.

Trial was before the court, a jury having been waived, upon the appellants' pleas of not guilty.

It was shown by the evidence presented at the hearing of appellants' motions to suppress, which were by the court overruled, that on the day in question, at approximately 6:30 p. m., Officers Kilty and Brusselback of the Houston Police Department went to a certain apartment in the city to contact the individuals living there concerning a robbery at their residence. When they arrived, Officer Kilty knocked on the door and received no answer. He then proceeded around the apartment on the outside to see if there was anyone inside and if there was any evidence that someone was living there. The officer did not enter the apartment, but observed through a window some clothing and household items in the apartment. At that time, he also observed in open view, on a table five feet from the window, what appeared to be a bag of marihuana, a plastic vial containing what he thought was hashish, and scattered marihuana on the table. The officers then left, and after driving by the apartment several times, returned at approximately 9:00 p. m. and determined that the occupants had returned. The officers went to the door and Officer Kilty knocked and advised the occupants inside that they were police. He then called the appellants by their names and stated that the officers wanted to talk to them. Appellants opened the door and were standing at the door, one armed with a hammer and the other a hatchet. When the door opened, Officer Kilty from outside could see the narcotics still on the table in plain view. When the door opened all the way, Officer Brusselback from outside could also see the narcotics in plain view on the table. The officers then went inside, examined the narcotics, and placed appellants under arrest. After seizing the narcotics from the table, a further search of the apartment resulted in the finding of more narcotics.

At the trial, it was stipulated both orally and in writing by and between the appellants and the State that the testimony adduced upon the hearing of the motions to suppress could be introduced as evidence in the case without waiver of any constitutional objection to the legality of the arrest, search and seizure, and that the mate-

rial seized by the officers on the occasion in question was submitted to Peter Christian, a qualified chemist and toxicologist of the Houston Police Department, who analyzed the material and determined that it was marihuana and he would so testify.

Two grounds of error are urged by appellants on the appeal.

They first insist that the court erred in overruling their motions to suppress because the seizure of the narcotics "was made pursuant to a warrantless search under the pretext that the contraband had been left in open view."

It is appellants' position that since the officers on the first trip to the apartment observed the narcotics on the table in open view, it was incumbent upon them to have obtained a search warrant for the premises, and that their search of the apartment when they returned approximately three hours later without a warrant was in violation of appellants' rights under the Fourth Amendment of the Constitution of the United States to remain free from unreasonable search and seizure.

The State, in its brief, insists that it does not rely upon the narcotics seen in plain view through the window on the first trip, but rather the narcotics seen in plain view through the open door on the second trip to the apartment.

It is the State's position that when the officers observed the narcotics in the apartment on the second trip they had the right to arrest appellants without a warrant for a felony being committed in their presence under Art. 14.01(a), Vernon's Ann.C.C.P., and that the search incident to the arrest was lawful. We agree with the State's position.

The officers were lawfully on the premises as they had the right to go to the apartment on both occasions to investigate the robbery of appellants. Potter v. State, Tex.Cr.App., 481 S.W.2d 101. Officer Brusselback swore that such was their purpose in going back to the apartment the second time.

The search without warrant incident to appellants' lawful arrest under Art. 14.01, supra, was authorized. Giacona v. State, Tex.Cr.App., 372 S.W.2d 328; Jackson v. State, Tex.Cr.App., 450 S.W.2d 616; Johnson v. State, Tex.Cr.App., 466 S.W.2d 744, and Palmer v. State, Tex.Cr.App., 475 S.W.2d 797.

The fact that the officers were legally on the premises and observed a felony being committed in their presence distinguishes the case from the authorities cited by appellants in their brief.

The ground of error is overruled.

In their second ground of error, appellants contend that the trial court erred "in sentencing the defendants prior to their having waived the Ten (10) days prerequisite to sentencing in all Texas cases."

Appellants make reference in their brief to Art. 40.05, V.A.C.C.P., which provides for a ten day period in which to file a motion for new trial.

Appellants apparently overlook the fact that imposition of sentence was suspended by the court and that no sentence was imposed by the court.

Further, no objection was made by appellants when the court fixed punishment in the case.

The ground of error is overruled.

The judgments are affirmed.

Opinion approved by the Court.