Lipsoomb, J.
The appellee, Anderson, brought his suit against the appellant, Burton, to recover money paid by him for the said Burton, at his special instance and request in Mobile. There was proof that Burton was indebted to the firm of A. McCown & Co., and- that A. McCown & Co. were indebted to Anderson for two thousand dollars besides interest, for which he held their due bill. It was further in proof that by an arrangement between Anderson and Burton at Mobile, at the counting house of A. McCown & Co., Burton had the benefit of the due bill mentioned, which was credited to him by Mc-Cown & Co. on Burton’s due bill, which they held for a much larger amount. McCown, one of the firm, swears that he was acquainted with the whole transaction, and that it was a loan from Anderson to Burton on the promise that it should be settled on their return home. Anderson offered in evidence a receipt in the words following: “ Received, Mobile January 17, 1838, from Mr. John J. Burton, our due bill to B. W. Anderson for two thousand dollars and interest to date, which we will credit to his due bill to us for balance of his account.
“ Amount, $2,000 (Signed) A. MoCowh & Co.
“ Interest, 80.44 Per Geo. Hing.
“$2,080.44.”
It was also in proof that the receipt was given at the time and place it purported to be, for the purposes and under the circumstances before stated, at the city of Mobile, in the state of Alabama; and that the legal rate of interest in that state was eight per cent.
The appellant list's presented- several grounds of error for our consideration. "We will take them up in the order presented. 1st. That the court below erred in permitting parol evidence to go to the jwry to prove the rate of interest in the state of Alabama, there being no averment im the petition that the contract or the i/ndebtedness was i/nev/rred in that state.
*(67) Interest is conceded to be a creature of local law, and is governed by tbe law of the country where the contract is made or the debt incurred ; and where a rate of interest is fixed by the written law of the country, it must be proved in general as any other fact; that is to say, by the best evidence that can be procured; and this has, in most cases of foreign written law, been held to be by an authentic copy under the great seal of the state. But it is doubted if this rule be not too rigorous when applied in the courts of one of the states to another state of the Federal Union. True it is, that to many purposes the states are foreign to each other. They are independent in their municipal regulations of internal government; but their peculiar relationship to each other as members of the same common confederacy almost forbids our applying the term “ foreign ” to the laws of another state. That relationship has certainly, in many instances, produced a relaxation of the rule of evidence on this subject; and I do not think I am wrong when I say that this liberty or courtesy, if not universal, is by no means confined to a minority of the states. I have not an opportunity of referring to authorities, but I believe it can be shown that the collection of the acts printed and published in a book purporting to be by the authority of the state, after being proved by some person supposed to be well informed on the subject, to be the written law, has often been received as evidence of the statutes of the state. I can perceive no serious objection to this kind of proof. It certainly would be no relaxation of the rule from which any well grounded fear could arise that a door would be opened by it for fraud. No man would ever think of fabricating a book for the purpose of palming a fictitious law upon the court; there would be too many chances for detection for the hope of success to authorize the attempt. If the proof offered in this case was such as I have stated, I do not think it could be objected to. We are not informed, however, in what manner the proof was made; the record only shows that the rate of interest in Alabama was proven to be eight per cent. Every presumption is in favor of the court below, and we cannot say that the testimony was not legally made out as required by the rules of evidence. There seems to have been a great deal of testimony taken by interrogatories, none of which was excepted to, and no exception can be made in this court to the conclusion of the jury on its effect.
It is further objected, that there is no allegation in the petition that the contract or indebtedness originated in the state of Alabama. The petition ought certainly to contain substantially enough to let in evidence of the ground of the action. It ought to show a right to *(68) sue; this being done it does not seem to me that it is necessary to aver what would be an accessory or consequence of the right of action. The matter averred sets up a transitory right of action in the plaintiff, and whether such a right carried interest as an incident or not, seems to me may be- a matter of proof after proving the essential grounds of the action. At any rate the objection, if it exists, should be made to the admissibility of such testimony in the court below, and if not so made it cannot be a ground of error in this court. 1 La. 301; 6 Martin (N. S.), 86; 5 La. 105; 6 id. 81.
Another objection is, that as no interest could be given unless expressly contracted for previous to our statute of 181¡0, no interest ought to have been allowed in this case. This objection would have been well taken as to the eight per cent, had there been no evidence of the indebtedness having occurred in another state, but there was testimony to that effect; and as there was no exception to the evidence we must presume, after the verdict, that proper proof was made or that its admissibility was waived. See authorities above referred to.
Another objection is, that the jury fou/nd by thei/r verdict the amount of the principal and interest at a certain rate from a fixed time, when the pri/ncipal and interest should both have been found in the aggregate.
The rule is believed to be well settled that if the verdict is sufficiently certain to be rendered certain it is good. The jury by finding the rate of interest, the amount upon which it is to be calculated and the date from which it is to run, leaves nothing uncertain as to the judgment which should be rendered on their verdict.
The judgment of the court below is affirmed.-