## Q. M. GILMER V. STATE.

No. 25546. January 9, 1952.
Rehearing Denied February 20, 1952.
Appellant's Second Motion for Rehearing Denied (Without
Written Opinion), March 19, 1952.

Hon. Charles D. Berry, Judge Presiding.

*G. C. Harris,* Greenville, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to murder with a sentence of eight years in the penitentiary.

Both appellant and the injured party lived in the city of

Greenville and were engaged in handling milk products furnished by a Dallas dairy. Their business was not competitive and each received his products for distribution from the same truck brought to them by the Dallas company. The injured party received his supply daily at the place of business maintained by appellant. Complaint had been made to the company of the manner in which the injured party handled the receipt of his products and the return of the empty bottles to the truck. In view of the defense made by appellant what took place prior to the morning of the shooting is of less importance than it might have been under different circumstances.

The injured party came into the place of business of appellant and angrily approached him about the things he had reported to the company and accused him of trying to get his job. His language was abusive and appellant relies upon this language and motions made by him for his plea of self-defense. Such evidence was admitted before the jury and submitted in the court's charge. The finding was against his contention and that finding is binding upon this court.

There are thirty-one bills of exception in the record and it cannot be expected that we should discuss each and every one of them. Bill of Exception No. 1 seems to be the chief reliance upon which reversal of this case is asked. The prosecuting witness, in behalf of the state, was permitted to testify: "When I left the milk bottles there in front of Mr. Gilmer's place and went on my milk route, Johnnie Pennington would load the bottles on the truck." The objection was that this testimony was hearsay and was prejudicial.

Admittedly it was hearsay for by its very terms it shows that the thing stated took place after the witness had left. It is immaterial to either the state or the defense because it related to their differences prior to the shooting and could only have the effect of justifying the carelessness charged against the prosecuting witness. It has no probative force to justify his admitted conduct in approaching appellant on the morning of the shooting, and the truth or falsity of it is not relied upon by appellant for the shooting. His plea was self-defense. This evidence comes under the classification so frequently described as "irrelevant and immaterial." It certainly could not be inflammatory. We do not understand the grounds upon which it was admitted and we are reluctant to say that any error is harmless, but we cannot attribute to it any probative force that would in any way affect the jury's verdict.

Bill of Exception No. 2 complains of the statement of the injured party that he had been taken from Doctor Becton's Hospital to Baylor Hospital in Dallas. This is an assault to murder case in which the state may show the extent of the injuries. The evidence was evidently introduced for that purpose.

The same discussion applies to Bills of Exception Nos. 3, 4, and 8 to 20.

Bills of Exception 21 and 22 complain of the court's charge and embrace the contention that the evidence is insufficient to support a finding on a charge of assault to murder.

The evidence shows that appellant was making out his report inside of his building when the prosecuting witness, Patella, came inside and precipitated the quarrel between the two. Appellant went to his car, got his pistol, came back to the room, opened fire on him and as Petella fled from the room he was shot in the back. The bullet severed the spinal cord and paralyzed the injured party. These facts sustain an issue of assault to murder and appellant met them with his contention that he acted in self-defense. Such objections to the court's charge are not well taken.

Neither are we able to sustain objections made to the charge as shown by Bills of Exception Nos. 23 and 24. The other bills have been considered and are not sustained.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant urges us to discuss his Bills of Exception Nos. 25 and 30. These bills reflect objections to the court's charge for failure to instruct the jury that if appellant was justified in firing the first shot in self defense but that after the first shot was fired his assailant abandoned the difficulty and began to flee and the danger to appellant, real or apparent, had ceased, that any further shots would not be justifiable but would make appellant guilty of no more than aggravated assault if at the time he fired the subsequent shots his mind was under the influence of sudden passion and incapable of cool reflection as the result of the original attack upon him.

Appellant has cited us Hobbs v. State, 16 Tex. App. 517 (1884) ; Cooper v. State, 49 Tex. Cr. R. 28, 89 S. W. 1068 (1905) ; and Vitrano v. State, 94 Tex. Cr. R. 93, 250 S. W. 173 (1923)), which would seem to support him. We have not been able to find any case where this question has been before this court since the Vitrano case in 1923, and this may very logically be explained by the fact that in 1927 the murder statute was amended so as to eliminate malice as an essential ingredient of murder. Prior to 1927, an assault with intent to commit manslaughter was an aggravated assault, which fact was the basis for the decisions cited. In 1931, the offense of assault with intent to murder without malice became a separate offense; however, since 1927, the decisions in question have no application.

Under the present law, the requested charge was improper.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.