**Rufus LEWIS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44998.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Warren Weir, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, Bill Harris and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of unlawful sale of a narcotic drug, to-wit: heroin. Punishment was assessed by the court at ten years.

The record reflects that on May 19, 1970, Officer Jerry Rangel, who was at that time assigned to undercover investigation for the narcotics division of the San Antonio Police Department, went to the Cool Breeze Pool Hall in that city and learned that appellant was in possession of heroin. Officer Rangel then approached appellant and informed him that he had been told that appellant had "some good stuff". Appellant questioned the officer as to how much he wanted, and Officer Rangel replied that he wanted "one cap". Appellant gave the officer a capsule of heroin in exchange for $3.50.

Initially, appellant contends that the evidence is insufficient to support a conviction for the sale of a narcotic drug. He argues that at no time during the conversation between appellant and Officer Rangel was price discussed or heroin actually mentioned. He argues that such evidence would be necessary to prove that a sale occurred. We do not agree.

■ Article 725b, Sec. 1(10) Vernon's Ann.P.C., defines "sale" to include: "barter, exchange, or gift, or offer therefor, and, each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee." Thus, even accepting appellant's interpretation of the transaction, a sale occurred when appellant gave the capsule of heroin to the officer.

The evidence is sufficient to support the conviction.

Finally, appellant complains that the "verdict of the jury was so ambiguous as to be insufficient to support the conviction" and that "[t]here was a fatal variance between the verdict of guilty and the entry of judgment by the court."

The record reflects that on May 19, 1970, appellant was indicted for both unlawful possession of heroin and unlawful sale of heroin. The state elected to proceed on the "sale" count and waived the possession count. The verdict of the jury states:

> "We, the Jury, find the defendant, Rufus Lewis, Jr., guilty of the offense of unlawfully selling a narcotic drug, to-wit: Heroin, as charged in the indictment."

In reading this verdict, the trial judge stated:

> "The verdict of the jury is, 'We, the jury, find the Defendant, Rufus Lewis, Jr., guilty of the offense of unlawfully selling a narcotic drug, to-wit, heroin, as charged in the bill of indictment as amended."

The judgment recites the jury's verdict in the same words as does the jury's verdict form.

A jury verdict will be held to be sufficient if its meaning can be reasonably ascertained from the words used. Stewart v. State, Tex.Cr.App., 422 S.W.2d 928; Hensley v. State, 153 Tex.Cr.R. 616, 224 S.W.2d 245; Burton v. Anderson, 1 Tex. 93. When the verdict refers to the indictment, both the indictment and the charge must be read in order to determine the intent of the jury. Salas v. State, Tex.Cr. App., 474 S.W.2d 228; Pennington v. State, Tex.Cr.App., 364 S.W.2d 376; Caballero v. State, 171 Tex.Cr.R. 133, 346 S. W.2d 343; McGee v. State, 39 Tex.Cr.R. 190, 45 S.W. 709.

 In the instant case, the verdict of the jury incorporates the indictment by reference. After the state elected not to proceed on the possession count which was alleged in the indictment, that indictment charged appellant with the unlawful sale of heroin. Under the above cited authorities, we have no difficulty in ascertaining that the jury intended to find appellant guilty of the offense of unlawful sale of heroin.

Nor do we perceive a fatal variance between the verdict, as read by the court, and the entry of judgment. The court's oral reference to the "indictment as amended" simply refers to the state's abandonment of the possession count alleged in the indictment. No error is shown.

The judgment is affirmed.