James PETE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50979.

Court of Criminal Appeals of Texas.

March 3, 1976.

Rehearing Denied March 24, 1976.

Robert B. Wallis of Haynes & Fullenweider, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Alvin M. Titus and Ned B. Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction under our former Penal Code for assault with intent to murder without malice. Punishment was assessed at three years.

The first three grounds of error are based on an alleged conflict of interest arising from retained trial counsel's dual representation of appellant and his co-defendant.

In the first ground of error appellant contends that reversible error is presented by the failure of the trial court to inquire of appellant before the trial began whether he was aware of possible conflicts that might arise during the course of the trial from his attorney's dual representation of both defendants. The second ground of error similarly contends that the trial court erred "by failing to halt the proceedings, during trial, when it became apparent that a conflict existed between the co-defendants, and advising appellant of his right to separate counsel."

The third ground of error asserts that the conflict of interest was prejudicial to the appellant in that he was denied the full, effective, and undivided assistance of counsel.

■ The first two grounds of error, then, are predicated on assertions that the trial court failed to act when there was a duty to act, and the third asserts ineffective assistance of counsel.

The first two grounds of error we immediately overrule. We are not unmindful of the possibility of conflict of interest whenever one attorney undertakes to represent co-defendants. See *Morales v. State*, Tex. Cr.App., 466 S.W.2d 293, 304 (concurring opinion). We are of the view, however, that counsel has the primary responsibility for advising prospective clients of possible conflicts in their positions. See *Stutes v. State*, Tex.Cr.App., 530 S.W.2d 309, at 313, and DR 5–105, Code of Professional Responsibility, quoted below.

At the outset of the trial it was retained counsel, not the trial court, who was under a duty to investigate and determine any

possible conflict between his clients. The trial court could only have been aware of the general possibility of conflict of interest that exists whenever there are multiple defendants. This possibility, although always real, is not inevitable.

Furthermore, we are aware of no statutory or other authority in this jurisdiction that would require a trial judge, upon the mere appearance of conflict among the positions of multiple defendants who retained one attorney, to halt the proceedings and take the action urged by appellant.

■ The first two grounds of error are overruled.[1]

■ We now turn to the claim of ineffective assistance of counsel. The record reflects that appellant and a co-defendant, who was acquitted, were tried jointly and represented by the same retained counsel. The complaining witness alleged that the co-defendant attacked her with a knife but did not succeed in inflicting any wound other than a small nick upon her neck. Appellant then arrived at the scene of the struggle, told his co-defendant to run, pulled his pistol, and shot the complaining witness. Both appellant and his co-defendant testified that before appellant shot the witness she pulled a derringer from her bosom and fired it once.

The record reflects that the complaining witness was an admitted prostitute or former prostitute. According to her testimony, appellant had been her manager or pimp. The co-defendant was also an admitted prostitute, and testified that appellant was a pimp but not her pimp. Appellant denied that he had ever been anyone's pimp.

By far the most serious conflict asserted is the testimony of appellant's co-defendant that appellant was a pimp, which he denied upon his own direct examination.

This is a collateral point that concededly raised the question of the credibility of each defendant. Appellant contends that separate counsel for each defendant would have enabled his own attorney vigorously to impeach the co-defendant. Such a conclu-

1. Although a case might arise wherein a conflict of interest would be so egregious that the trial court would be justified in halting the proceedings to protect the defendant's right to a fair trial, cf., e. g., *Horowitz v. Henderson,* 514 F.2d 740 (5th Cir. 1975); *United States v. DeBerry,* 487 F.2d 448 (2d Cir. 1973); *State v. Baker,* 288 So.2d 52 (La.1973); *People v. Caffray,* 62 Mich. App. 486, 233 N.W.2d 625 (1975); *People v. Sanders,* 54 Mich.App. 541, 221 N.W.2d 243 (1974); *People v. DeLeon,* 77 Misc.2d 969, 354 N.Y.S.2d 785 (N.Y. Kings County Ct. 1974), the failure to act sua sponte would not be grounds for complaint on appeal. Rather, the denial of a fair trial warranting such action by the trial court would itself constitute the basis for relief, if warranted, on appeal. Although formal requirements such as the inquiry urged may serve beneficially to insure a fair trial and to eliminate the need for subsequent inquiry into the issue of whether in fact a dual representation abridged effective representation, the introduction of such formal requirements into the practice in this jurisdiction is an appropriate matter for legislative consideration. This Court lacks the general rule-making powers that the Legislature has given the Supreme Court. See Art. 1731a, V.A. C.S.

Further, we should point out that there would have been nothing wrong with the trial court at the outset of this trial questioning defense counsel whether he had apprised the defendants of the inherent risks of dual representation and asking the defendants whether they understood the same. We are of the same view with regard to the same procedure at any point during the trial. We are loath, however, to recommend or require such a procedure. See *Prince v. State,* Tex.Cr.App., 500 S.W.2d 533; cf. The American Bar Association Standards for Criminal Justice relating to the Function of the Trial Judge, Approved Draft, 1972, Section 3.4(b).

Finally, a different case would be presented if the trial court had involved itself in the perpetration of the alleged conflict. The trial court, for example, must be extremely cautious in appointing a single counsel for multiple defendants. To insist upon dual representation in the face of objection may work grievous harm to a defendant. See *Glasser v. United States,* 315 U.S. 60, 71, 62 S.Ct. 457, 465, 86 L.Ed. 680, 699 (1942); *Maynard v. Commonwealth,* 507 S.W.2d 143 (Ky.1974).

sion is highly speculative. Trial counsel might well judge that such an attempt at impeachment might be much more damaging than the strategy in effect adopted by counsel in the instant case, which was to disparage the importance of this detail as collateral and not relevant to the offense of assault. Any attempt to impeach the co-defendant would likely have elicited specific, damaging, and prejudicial facts supportive of her statement that appellant was a pimp. The record reflects no prejudice from the failure of counsel to impeach the co-defendant. Cf. *Foxworth v. Wainwright,* 516 F.2d 1072 (5th Cir. 1975).

None of the other alleged conflicts of interest approached the possible gravity of the instance cited. We note that the defenses of the defendants were consistent although not the same.[2] Their testimony as to the details of the alleged offense was essentially the same.

Equally important, there has been no showing that appellant was not fully apprised of the potential risks inherent in his retained counsel's dual representation. There has been no showing, in short, that his attorney breached his legal duties to his client. See *Ex parte Hill,* Tex.Cr.App., 528 S.W.2d 259; *Ex parte Raley,* Tex.Cr.App., 528 S.W.2d 257. Such duties in this context are stated in our State Bar Rules Code of Professional Responsibility, Appendix to V.A.C.S. Title 14, Art. 12, Sec. 8:

> "DR 5–105. Refusing to Accept or Continue Employment if the Interests of Another Client May Impair the Independent Professional Judgment of the Lawyer.
>
> "(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5–105(C).

> "(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5–105(C).

> "(C) In the situations covered by DR 5–105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each."

There has been no showing that retained counsel did not fully comply with such duties. EC 5–15 provides further guidance as to the responsibilities of an attorney who is considering multiple representation. See also the American Bar Association Standards relating to the Defense Function, Approved Draft, 1971, Section 3.5.

We hold that this record fails to reflect any conflict of interest on the part of retained counsel that was prejudicial to appellant and that there is no showing that appellant was not advised of the risk of any conflict of interest that may have arisen. *Stutes v. State,* supra. The third ground of error is overruled.

In the fourth ground of error appellant contends the trial court erred in failing to answer jury questions in writing and in failing to notify appellant of said questions, all in violation of Article 36.27, V.A.C.C.P.

The jury in such questions requested the testimony of three witnesses. The record does not reflect whether the trial court ever acted upon or answered the request.

> "Where procedural requirements do not affirmatively appear in the record to have been violated, a presumption of regularity must prevail." *Green v. State,* Tex.Cr.App., 510 S.W.2d 919, 921.

---

2. Appellant claimed self-defense; his co-defendant merely denied that she attacked the complaining witness with a knife.

See also *Smith v. State,* Tex.Cr.App., 513 S.W.2d 823, 829.

Appellant contends that the failure to object and the silent record cannot be dispositive of his ground of error because he would have had no opportunity to correct either deficiency if the trial court did not notify him of the jury's written request when it was made.

That contention is also without merit. The jury's written request was filed in the papers of the cause on the day it was made. Appellant later filed both a motion for new trial and an amended motion for new trial. Neither alleged the error now asserted. Nor does the record before us contain a formal bill of exception on the matter. The ground of error is overruled.

The judgment is affirmed.