**Fernando ORTIZ and Luis Carlos Salas, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 57331.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 21, 1979.

Oscar J. Pena, Laredo, for appellant.

Charles R. Borchers, Dist. Atty., Sharon S. Trigo, Alonzo Z. Laurel, Jr. and Hector J. Leal, Asst. Dist. Attys., Laredo, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

Appellants were convicted in a joint trial for the offense of attempted murder. Punishment was assessed by the jury at ten years for Ortiz and seventeen years for Salas.

Ortiz initially challenges the sufficiency of the evidence to support his conviction. Celestino Mata, the victim, entered the Wooden Nickel Lounge in Laredo with his companion Federico Juarez at approximately 12:20 a. m. on December 8, 1976. Mata had previously drunk two beers at the tavern operated by Juarez. At the Wooden Nickel Mata saw Ortiz, and Ortiz spoke to him. Mata also encountered Salas who was at the lounge with Ortiz. Salas said something to Mata, but Mata did not understand him.

Mata and Juarez left the bar at approximately 1:45 a. m. and were walking to their car when Salas approached from behind. Ortiz was standing outside of his truck with the door open about twenty-five feet away from Salas. Mata asked Ortiz what Salas wanted and, when he turned, he saw Salas pointing a pistol at him. Salas shot Mata once and then left the scene with Ortiz in Ortiz' truck. Several hours later Ortiz went to the home of Emily Cobos. Ortiz asked to talk and drink beer but Cobos declined because her boyfriend was with her. Ortiz left but returned a few minutes later and asked if his friend "Luis" could stay in Cobos' apartment. Again Cobos refused and Ortiz departed.

1. Section 7.02, supra, provides in part:
   "(a) A person is criminally responsible for an offense committed by another if:
   " *    *    *

Ortiz was convicted as a party to the offense under V.T.C.A., Penal Code, Section 7.02(a)(2).[1] It is well settled that mere presence is not alone sufficient to support a conviction under Section 7.02(a)(2), supra, although it is a circumstance tending to prove guilt which, combined with other facts, may suffice to show that the accused was a participant. *Ashabranner v. State*, 557 S.W.2d 774 (Tex.Cr.App.1977); *Johnson v. State*, 537 S.W.2d 16 (Tex.Cr.App.1976); *Coronado v. State*, 508 S.W.2d 373 (Tex.Cr.App.1974).

The only evidence introduced relating to Ortiz' culpability was that he was present with Salas on the night of the shooting, remained twenty-five feet away from Salas and drove Salas from the scene. There was no evidence of "bad blood" between the victim and Ortiz, and the victim himself testified that Ortiz said hello to him as he entered the Wooden Nickel Lounge.

Viewing the evidence in a light most favorable to the verdict, we find it is insufficient to support Ortiz' conviction under Section 7.02(a)(2), supra.

Salas alleges six examples of prosecutorial misconduct.

Salas first claims error occurred when his past prison record was brought out on the direct examination of Ortiz. In answering a question propounded by defense counsel as to why the two went to the Wooden Nickel, Ortiz said: "He was in prison, and maybe he wanted to have a little drink with us." He also stated that he had tried to stop Salas from fighting because he knew Salas "had two years' probation and I knew he had some parole." On cross-examination the prosecutor asked Ortiz to reiterate what he had said on direct. Defense counsel objected and the court instructed the jury to only consider the statements made on direct.

Salas' prison record was brought out by the direct examination of Ortiz. The State

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense."

was asking for Ortiz to repeat his statements on direct. See Article 38.24, V.A.C.C.P.; *Cerda v. State*, 557 S.W.2d 954 (Tex.Cr.App.1977); *Birdwell v. State*, 510 S.W.2d 347 (Tex.Cr.App.1974). In light of the fact that this information was elicited by Salas' own attorney and the instruction to the jury to only consider the testimony on direct, the district attorney's attempt to have the statements repeated was not error.

■ Next, Salas alleges that prosecutorial misconduct occurred when the State in closing arguments urged the jury not to convict the appellants for "just a Mickey Mouse aggravated assault." The statement was not objected to and error, if any, was waived.

■ Complaint is also made of the State's reference in its closing argument that appellants had intimidated a witness. In its argument the prosecutor stated that one of the witnesses, Federico Juarez, was "afraid, intimidated just by the looks of these two gentlemen." The record reflects that on direct Juarez stated he was "nervous." The trial court promptly instructed the jury to only consider the evidence adduced at the trial, not the attorney's remarks. Error, if any, was made harmless by the court's instruction.

Salas contends reversible error occurred when the prosecution asked the following question of Emily Cobos:

"Q. . . . did he not also tell you that the reason why he was going to court, and to quote your words, (through Court Interpreter:) 'I came to have my hair cut; I am going to court, and there was malicious destruction done.'

"A. (Hesitation.)

"MR. BORCHERS: I have no further questions."

Prior to this exchange the State claimed surprise and laid the predicate for impeaching Cobos with her prior inconsistent statements. The question was not objected to by defense counsel, thereby waiving his complaint. *Sloan v. State*, 409 S.W.2d 412 (Tex.Cr.App.1966).

■ The fifth example of prosecutorial misconduct urged by Salas relates to testimony elicited by the State from a federal drug enforcement agent that such agent had known of Salas for two and a half or three years. Salas argues that this testimony implied that he had been trafficking in drugs for two and a half years. We disagree.

In the recent case of *Carrillo v. State*, 566 S.W.2d 902 (Tex.Cr.App.1978), we held that it was not improper for a character witness against the defendant to identify himself as an investigator for the Organized Crime Division of the Attorney General's office. We held that:

". . . the information was received by the court as the result of proper preliminary inquiry into the background of the witness so as to allow the jury to assess the weight to be given his testimony and to evaluate his credibility. *Elam v. State*, 518 S.W.2d 367 (Tex.Cr.App. 1975). See *Watson v. State*, 488 S.W.2d 816 (Tex.Cr.App.1972); *Winkle v. State*, 488 S.W.2d 798 (Tex.Cr.App.1972)."

No error is shown.

■ The last alleged example of misconduct relates to the extensive evidence of the injuries sustained by the victim. Expert medical testimony and numerous hospital records were introduced by the State. These showed that Mata, the victim, was permanently paralyzed from the waist down and that the bullet which struck him was still lodged in his spine.

In a prosecution for attempted murder, testimony as to the nature and extent of the victim's injuries is admissible, *Robinson v. State*, 457 S.W.2d 572 (Tex.Cr.App.1970); *Johnson v. State*, 421 S.W.2d 918 (Tex.Cr.App.1967); *Gilmer v. State*, 157 Tex.Cr.R. 109, 246 S.W.2d 639 (1952). This ground of error is overruled.

■ Salas asserts that the trial court erred in failing to submit a charge to the jury on voluntary manslaughter.

A charge on a lesser included offense is not required unless there is testimony raising the issue that the accused, if guilty at

all, is guilty of a lesser included offense included in the greater offense charged. *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr. App.1978); *Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1975); *Daywood v. State,* 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952).

Salas did not testify and offered no evidence. There is no evidence that he and Mata had exchanged heated words nor any evidence that Salas was acting "under the immediate influence of sudden passion arising from an adequate cause." V.T.C.A., Penal Code, Section 19.04.

The next contention is that the verdict was vague, indefinite and did not inform him of what offense the jury convicted him of.

■ The indictment charged attempted murder. The charge to the jury makes three references to attempted murder as the offense charged in the indictment.

In *Lewis v. State,* 482 S.W.2d 177 (Tex. Cr.App.1972), this Court stated:

"A jury verdict will be held to be sufficient if its meaning can be reasonably ascertained from the words used. *Stewart v. State,* Tex.Cr.App., 422 S.W.2d 928; *Hensley v. State,* 153 Tex.Cr.R. 616, 224 S.W.2d 245; *Burton v. Anderson,* 1 Tex. 93. When the verdict refers to the indictment, both the indictment and the charge must be read in order to determine the intent of the jury. *Salas v. State,* Tex. Cr.App., 474 S.W.2d 228; *Pennington v. State,* Tex.Cr.App., 364 S.W.2d 376; *Caballero v. State,* 171 Tex.Cr.R. 133, 346 S.W.2d 343; *McGee v. State,* 39 Tex.Cr.R. 190, 45 S.W. 709."

The verdict is not vague and it is sufficient to show that he was found guilty of the offense of attempted murder. No error is shown.

■ Lastly, Salas contends he was denied effective assistance of counsel because of a conflict of interest of retained counsel. Salas and Ortiz were represented by the same retained counsel at trial and on this appeal. The record before us does not show that Salas was denied effective counsel. He retained the attorney of his choice and knew that his attorney also represented Ortiz. There is nothing to show he was not fully apprised of the risks involved in the dual representation. At the trial he employed Oscar J. Pena as his attorney and continued to do so on appeal. No showing that his retained counsel breached his legal duty to Salas has been made. *Hargett v. State,* 534 S.W.2d 909 (Tex.Cr.App.1976); *Pete v. State,* 533 S.W.2d 808 (Tex.Cr.App. 1976); *Ex parte Hill,* 528 S.W.2d 259 (Tex. Cr.App.1975); *Stutes v. State,* 530 S.W.2d 309 (Tex.Cr.App.1975).

■ The judgment of conviction as to Fernando Ortiz is reversed because the evidence is insufficient. According to the decisions of the Supreme Court of the United States in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1; and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15, this opinion is tantamount to an acquittal.

The judgment of conviction as to Luis Carlos Salas is affirmed.

ODOM, Judge, concurring.

I concur in the disposition of this case; however, as to Salas' last ground of error I restate my views expressed in *Pete v. State,* 533 S.W.2d 808:

"We are not unmindful of the possibility of conflict of interest whenever one attorney undertakes to represent co-defendants. See *Morales v. State,* Tex.Cr. App., 466 S.W.2d 293, 304 (concurring opinion). We are of the view, however, that counsel has the primary responsibility for advising clients of possible conflicts in their positions. See *Stutes v. State,* 530 S.W.2d 309, at 313, and DR5–105, Code of Professional Responsibility."

I respectfully concur.