TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00582-CR






Larry McDonald, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT

NO. 9014076, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Appellant Larry McDonald was convicted of burglary of a habitation and sentenced
to 25 years' imprisonment. See Tex. Pen. Code Ann. § 30.02 (West 2003). McDonald appeals,
asserting that the trial court erred in admitting evidence of extraneous offenses and denying his
motion for mistrial based on the State's impermissible jury argument. Finding no reversible error,
we affirm the conviction.


BACKGROUND

 In February 1991, the Austin Police Department set up a "bait house" in response to
a rash of burglaries occurring in west Austin. The purpose of the bait house was to lure the burglar
responsible for the recent crimes to a specific house which the police were staking out. The bait
house was chosen and set up according to characteristics common to the previous incidents; the
house was centrally located in the area, was occupied at night, and had an obvious entry point--an
open garage door.

 On the second night of the stakeout, the officers spotted McDonald approaching the
bait house. He was wearing a dark, hooded sweatshirt, dark pants, and gloves. When he noticed the
open garage door, McDonald immediately entered the garage. As soon as he did so, the officers
moved in and apprehended him. The officers recovered a small flashlight from the driveway, and
found a flathead screwdriver in McDonald's left sock, as well as $80 in cash in his right sock. 
Nothing was stolen from the garage.

 After pleading not guilty to the charge of burglary of a habitation, McDonald filed
two motions in limine to prevent the State from introducing evidence of the previous burglaries in
the area. At a pretrial hearing, the trial court agreed with McDonald and instructed the State to not
go into the specifics of the previous burglaries. The trial court did, however, allow the State to
present some evidence of the previous burglaries for the limited purposes of explaining why the
police had set up a stakeout, and why that particular house was chosen. McDonald disagreed with
the trial court's ruling and he was granted a running objection to any testimony involving the
previous burglaries based on Texas Rule of Evidence 404(b). (1) Rule 404(b) prohibits admission of
evidence of an extraneous offense when it is used to prove that a defendant acted in conformity with
his or her character on a particular occasion. See Tex. R. Evid. 404(b).

 The jury was offered the option to find McDonald guilty of the lesser-included
offense of criminal trespass, Tex. Pen. Code Ann. § 30.05 (West 2003); however, they found him
guilty of burglary of a habitation as indicted. The trial court sentenced McDonald to 25 years in
prison.

 McDonald appeals, asserting that the trial court erred when it: (1) allowed the State
to present evidence that characterized the bait house as being constructed to catch one particular
burglar; and (2) denied his motion for mistrial when, during closing arguments, the State arguably
speculated that McDonald had stolen the $80 found in his right sock from another house on the night
he was apprehended.


DISCUSSION

Extraneous-Offense Evidence

 The trial court should be allowed the discretion to exclude or admit evidence and an
appellate court should not set aside the trial court's rulings absent a showing that the trial court has
abused its discretion. Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). 
Reasonable people may disagree and we will not disturb a trial court's ruling as long as it is within
the zone of reasonable disagreement. Rogers v. State, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993).

 Evidence of an extraneous offense is not admissible to prove the character of a
defendant in order to show that the defendant acted in conformity with that character on a particular
occasion. See Lockhart v. State, 847 S.W.2d 568, 570 (Tex. Crim. App. 1992); Tex. R. Evid. 404(b). 
In order to constitute an improper reference to an extraneous offense, "the evidence must show a
crime or bad act, and that the defendant was connected to it." Lockhart, 847 S.W.2d at 573. 
Evidence of an extraneous offense must necessarily involve evidence of prior criminal conduct by
the accused. McKay v. State, 707 S.W.2d 23, 31-32 (Tex. Crim. App. 1985).

 Although the trial court largely agreed with McDonald and severely limited the
State's use of evidence of prior robberies in the area, McDonald claims that the trial court erred in
allowing the State to present even this limited amount of evidence. He argues that, through this
evidence, the State characterized the bait house as being set up to catch a single master burglar and,
therefore, the evidence is inadmissible under Rule 404(b). (2) To support his contention, McDonald
points to the direct examinations of three officers involved in the sting operation where, according
to McDonald, the State elicited inadmissible testimony. Detective Bartles was asked about how the
house was set up to make it look like "bait." He testified that the officers studied "other incidents
in the area, looking for factors that would make this as much like the bulk of them as possible so that
it would be appropriate bait." When asked if a stakeout at the bait house the previous night had been
successful, Officer Boyd testified that, "the suspect we were looking for didn't show up." Finally,
when asked who was involved in the stakeout, Officer Buell stated that the Northwest street-response
team was "assigned to this area of town working a surveillance operation checking for a burglar who
was hitting the area."

 To bolster his argument, McDonald contends that, during opening and closing
arguments, the State attempted to use the officers' testimony to impermissibly prove that McDonald
acted in conformity with his character. In opening argument, the State commented that the police
set up a sting operation at the bait house in response to a rash of burglaries in the area. During
closing argument, the State again mentioned that the police had set up a sting operation and the
prosecutor classified McDonald as a "sophisticated, professional burglar."

 The State responds that McDonald mischaracterizes its evidence as extraneous-offense evidence. (3) We agree. At trial, the State never asserted that McDonald had committed the
previous burglaries or that there was a single master burglar responsible for the rash of burglaries
in the area. The evidence that McDonald objects to does not rise to the level of alleging that he
committed an extraneous offense because it fails to show that he was connected to any crime or bad
act. See id. at 31-32 (testimony that plates on car defendant was driving were registered to another
vehicle admissible because State never asserted that defendant stole vehicle); Holmes v. State, 962
S.W.2d 663, 671-72 (Tex. App.--Waco 1998, pet. ref'd, untimely filed) (testimony that police
officers were engaged in "other duties" at time of arrest was admissible despite reference to other
inadmissable evidence because it did not show defendant was connected to other crime or bad act);
Williams v. State, 834 S.W.2d 502, 507-08 (Tex. App.--Fort Worth 1992, pet. ref'd) (testimony in
possession-of-firearm case referring to narcotics and characterizing location where defendant was
apprehended as "criminal location" admissible because it did not connect defendant to extraneous
crime).

 Moreover, if we assume that the unsolicited references to a single burglar made
during the officers' testimony were inadmissible extraneous-offense evidence, admitting them was
harmless error. See Tex. R. App. P. 44.2(b). A violation of the evidentiary rules that results in
erroneous admission of evidence is a nonconstitutional error. See King v. State, 953 S.W.2d 266,
271 (Tex. Crim. App. 1997); Tate v. State, 988 S.W.2d 887, 890 (Tex. App.--Austin 1999, pet.
ref'd). Any nonconstitutional error "that does not affect substantial rights must be disregarded." 
Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious
effect or influence in determining the jury's verdict. See King, 953 S.W.2d at 271. We must
examine the record as a whole and only overturn the conviction if we have a grave doubt that the
result was free from the substantial influence of the error. See Burnett v. State, 88 S.W.3d 633, 637-38 (Tex. Crim. App. 2002).

 The State never attempted to connect McDonald to the previous burglaries. The bulk
of the testimony at trial concerned the night of the stakeout; the previous burglaries were only
mentioned briefly to explain the selection and preparation of the bait house. The State never went
into the details of the previous burglaries. Therefore, even if the minimal evidence concerning the
previous burglaries was improperly admitted, we do not have grave doubt that the jury's verdict was
free from the influence of the error.


Jury Argument

 In his second point of error, McDonald claims that the trial court erred in denying his
motion for mistrial when the State, during closing argument, asked the jury to consider the origin
of the $80 found in McDonald's sock. McDonald complains of the following jury argument:


STATE: Where is he coming from? Ask yourself that. Dressed like that,
where is he coming from? Doesn't have any I.D. on him, but you
know what he does have on him? $80 in cash. Ask yourself a very
serious question when you consider whether this man is a
professional and knows what he is doing. Where did he get the $80
cash that night?


DEFENSE: Excuse me, your Honor. I would object to counsel's argument as
referring the jury to speculate about where did he get the $80 cash. 
Calls for speculation and it is outside the record.


THE COURT: Sustained. Ladies and gentlemen, you have heard the evidence. You
will rely on your recollection of the evidence. Argument of counsel
is not evidence, but it is merely his summation and his belief of what
the evidence may reasonably show.


DEFENSE: Also like to urge that it is an attempted violation of Rule 404(b). 
Based on all that, I move for a mistrial, your Honor.


THE COURT: Mistrial is denied.



 Permissible jury argument falls into one of four areas: (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or
(4) a plea for law enforcement. Cannady v. State, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000). If
an impermissible jury argument is made, an instruction to disregard the statement will generally cure
the error. Ganesan v. State, 45 S.W.3d 197, 206 (Tex. App.--Austin 2001, pet. ref'd). Similarly,
an instruction to consider only evidence adduced at trial and not an attorney's remarks will render
a statement harmless. See Ortiz v. State, 577 S.W.2d 246, 249 (Tex. Crim. App. 1979); Long v.
State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). An improper jury argument constitutes
reversible error if: (1) the argument is violative of a statute; (2) injects a new and harmful fact into
the case; or (3) it is manifestly improper, harmful and prejudicial to the rights of the accused. Wilson
v. State, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996). A motion for mistrial is appropriate only when
an objectionable event is so emotionally inflammatory that curative instructions are not likely to
prevent the jury from being unfairly prejudiced against the defendant. Bauder v. State, 921 S.W.2d
696, 698 (Tex. Crim. App. 1996); Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992).

 McDonald contends that the jury argument was improper and that a mistrial should
have been granted because the State's argument injected new and harmful facts into the case. 
McDonald argues that the State's comments invited the jury to believe that he had stolen the $80 in
cash earlier that evening, and that this aspect of the State's argument was outside the record and so
inflammatory that the instruction from the trial court had no curative effect. See id.

 The State replies that, although the trial court sustained McDonald's objection, the
statement made during closing argument was permissible jury argument because it was a reasonable
deduction from the evidence. See Cannady, 11 S.W.3d at 213. Furthermore, the State contends that,
even if the argument was impermissible, any error was cured by the trial court's prompt instruction
to consider only evidence adduced at trial. See Ortiz, 577 S.W.2d at 249.

 We agree with the State. Based on the evidence surrounding the instant offense, the
State's comment was a reasonable deduction and it would have been within the trial court's
discretion to overrule McDonald's objection. The record reflects that on the night of the arrest,
McDonald was moving through the shadows on foot, six miles from his home, with a screwdriver
tucked into his sock. He was wearing gloves, dark clothes, and a hood that obscured his face. Based
on McDonald's appearance and conduct, the origin of the $80 in cash in his sock could reasonably
be called into question. In light of the fact that McDonald's objection to the State's comment during
closing argument could have reasonably been overruled, and the fact that the trial court instructed
the jury to rely on their recollection of the evidence, it is clear that the trial court did not abuse its
discretion in denying the motion for mistrial. See Bullard v. State, 706 S.W.2d 329, 334 (Tex.
App.--Houston [14th Dist.] 1986, pet. ref'd) (denial of mistrial affirmed where trial court sustained
objection to State's jury argument, but appellate court found argument was proper plea for law
enforcement and objection could have been overruled without error); Watkins v. State, 946 S.W.2d
594, 598-99 (Tex. App.--Fort Worth 1997, pet. ref'd) (denial of mistrial affirmed where trial court
sustained objections to State's jury argument, but appellate court found arguments were proper as
summations of evidence and as reasonable deductions from evidence); Ali v. State, 742 S.W.2d 749,
758-59 (Tex. App.--Dallas 1987, pet. ref'd) (denial of mistrial affirmed where trial court sustained
objection to State's comment during closing argument, but appellate court found argument was a
reasonable deduction from the evidence).

CONCLUSION

 Because we find that the trial court did not abuse its discretion in admitting the
limited evidence of prior robberies or in denying the motion for mistrial, we affirm the judgment.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: July 11, 2003Do Not Publish
1. Because the granting of a motion in limine will not preserve error, McDonald was required
to object to the State's use of the contested evidence. See Willis v. State, 785 S.W.2d 378, 384 (Tex.
Crim. App. 1989).
2. McDonald also argues that the evidence of previous burglaries is inadmissible under Rule
403 because its probative value is substantially outweighed by the danger of unfair prejudice. 
However, McDonald failed to object to this evidence at trial based on Rule 403 and he was granted
a running objection based on rule 404(b) only. Further objection based on Rule 403 is required to
preserve the alleged error. See Montgomery v. State, 810 S.W.2d 372, 388 (Tex. Crim. App. 1990). 
3. The State also argues that the evidence would be admissible nonetheless as same-transaction contextual evidence necessary to the jury's understanding of the instant offense, an
unenumerated exception under Rule 404(b). See Nelson v. State, 864 S.W.2d 496, 498 (Tex. Crim.
App. 1993); Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). Because we agree with the
State that McDonald mischaracterizes its evidence as extraneous-offense evidence, we need not
reach this issue.