# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00582-CR

**Larry McDonald, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 9014076, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Larry McDonald was convicted of burglary of a habitation and sentenced to 25 years' imprisonment. *See* Tex. Pen. Code Ann. § 30.02 (West 2003). McDonald appeals, asserting that the trial court erred in admitting evidence of extraneous offenses and denying his motion for mistrial based on the State's impermissible jury argument. Finding no reversible error, we affirm the conviction.

## BACKGROUND

In February 1991, the Austin Police Department set up a "bait house" in response to a rash of burglaries occurring in west Austin. The purpose of the bait house was to lure the burglar responsible for the recent crimes to a specific house which the police were staking out. The bait

house was chosen and set up according to characteristics common to the previous incidents; the house was centrally located in the area, was occupied at night, and had an obvious entry point—an open garage door.

On the second night of the stakeout, the officers spotted McDonald approaching the bait house. He was wearing a dark, hooded sweatshirt, dark pants, and gloves. When he noticed the open garage door, McDonald immediately entered the garage. As soon as he did so, the officers moved in and apprehended him. The officers recovered a small flashlight from the driveway, and found a flathead screwdriver in McDonald's left sock, as well as $80 in cash in his right sock. Nothing was stolen from the garage.

After pleading not guilty to the charge of burglary of a habitation, McDonald filed two motions in limine to prevent the State from introducing evidence of the previous burglaries in the area. At a pretrial hearing, the trial court agreed with McDonald and instructed the State to not go into the specifics of the previous burglaries. The trial court did, however, allow the State to present some evidence of the previous burglaries for the limited purposes of explaining why the police had set up a stakeout, and why that particular house was chosen. McDonald disagreed with the trial court's ruling and he was granted a running objection to any testimony involving the previous burglaries based on Texas Rule of Evidence 404(b).[1] Rule 404(b) prohibits admission of

---

[1] Because the granting of a motion in limine will not preserve error, McDonald was required to object to the State's use of the contested evidence. *See Willis v. State*, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989).

evidence of an extraneous offense when it is used to prove that a defendant acted in conformity with his or her character on a particular occasion. *See* Tex. R. Evid. 404(b).

The jury was offered the option to find McDonald guilty of the lesser-included offense of criminal trespass, Tex. Pen. Code Ann. § 30.05 (West 2003); however, they found him guilty of burglary of a habitation as indicted. The trial court sentenced McDonald to 25 years in prison.

McDonald appeals, asserting that the trial court erred when it: (1) allowed the State to present evidence that characterized the bait house as being constructed to catch one particular burglar; and (2) denied his motion for mistrial when, during closing arguments, the State arguably speculated that McDonald had stolen the $80 found in his right sock from another house on the night he was apprehended.

**DISCUSSION**

*Extraneous-Offense Evidence*

The trial court should be allowed the discretion to exclude or admit evidence and an appellate court should not set aside the trial court's rulings absent a showing that the trial court has abused its discretion. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). Reasonable people may disagree and we will not disturb a trial court's ruling as long as it is within the zone of reasonable disagreement. *Rogers v. State*, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993).

Evidence of an extraneous offense is not admissible to prove the character of a defendant in order to show that the defendant acted in conformity with that character on a particular

occasion. *See Lockhart v. State*, 847 S.W.2d 568, 570 (Tex. Crim. App. 1992); Tex. R. Evid. 404(b). In order to constitute an improper reference to an extraneous offense, "the evidence must show a crime or bad act, and that the defendant was connected to it." *Lockhart*, 847 S.W.2d at 573. Evidence of an extraneous offense must necessarily involve evidence of prior criminal conduct by the accused. *McKay v. State*, 707 S.W.2d 23, 31-32 (Tex. Crim. App. 1985).

Although the trial court largely agreed with McDonald and severely limited the State's use of evidence of prior robberies in the area, McDonald claims that the trial court erred in allowing the State to present even this limited amount of evidence. He argues that, through this evidence, the State characterized the bait house as being set up to catch a single master burglar and, therefore, the evidence is inadmissible under Rule 404(b).[2] To support his contention, McDonald points to the direct examinations of three officers involved in the sting operation where, according to McDonald, the State elicited inadmissible testimony. Detective Bartles was asked about how the house was set up to make it look like "bait." He testified that the officers studied "other incidents in the area, looking for factors that would make this as much like the bulk of them as possible so that it would be appropriate bait." When asked if a stakeout at the bait house the previous night had been successful, Officer Boyd testified that, "the suspect we were looking for didn't show up." Finally,

---

[2] McDonald also argues that the evidence of previous burglaries is inadmissible under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice. However, McDonald failed to object to this evidence at trial based on Rule 403 and he was granted a running objection based on rule 404(b) only. Further objection based on Rule 403 is required to preserve the alleged error. *See Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1990).

when asked who was involved in the stakeout, Officer Buell stated that the Northwest street-response team was "assigned to this area of town working a surveillance operation checking for a burglar who was hitting the area."

To bolster his argument, McDonald contends that, during opening and closing arguments, the State attempted to use the officers' testimony to impermissibly prove that McDonald acted in conformity with his character. In opening argument, the State commented that the police set up a sting operation at the bait house in response to a rash of burglaries in the area. During closing argument, the State again mentioned that the police had set up a sting operation and the prosecutor classified McDonald as a "sophisticated, professional burglar."

The State responds that McDonald mischaracterizes its evidence as extraneous-offense evidence.[3] We agree. At trial, the State never asserted that McDonald had committed the previous burglaries or that there was a single master burglar responsible for the rash of burglaries in the area. The evidence that McDonald objects to does not rise to the level of alleging that he committed an extraneous offense because it fails to show that he was connected to any crime or bad act. *See id.* at 31-32 (testimony that plates on car defendant was driving were registered to another vehicle admissible because State never asserted that defendant stole vehicle); *Holmes v. State*, 962

---

[3] The State also argues that the evidence would be admissible nonetheless as same-transaction contextual evidence necessary to the jury's understanding of the instant offense, an unenumerated exception under Rule 404(b). *See Nelson v. State*, 864 S.W.2d 496, 498 (Tex. Crim. App. 1993); *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). Because we agree with the State that McDonald mischaracterizes its evidence as extraneous-offense evidence, we need not reach this issue.

S.W.2d 663, 671-72 (Tex. App.—Waco 1998, pet. ref'd, untimely filed) (testimony that police officers were engaged in "other duties" at time of arrest was admissible despite reference to other inadmissable evidence because it did not show defendant was connected to other crime or bad act); *Williams v. State*, 834 S.W.2d 502, 507-08 (Tex. App.—Fort Worth 1992, pet. ref'd) (testimony in possession-of-firearm case referring to narcotics and characterizing location where defendant was apprehended as "criminal location" admissible because it did not connect defendant to extraneous crime).

Moreover, if we assume that the unsolicited references to a single burglar made during the officers' testimony were inadmissible extraneous-offense evidence, admitting them was harmless error. *See* Tex. R. App. P. 44.2(b). A violation of the evidentiary rules that results in erroneous admission of evidence is a nonconstitutional error. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *Tate v. State*, 988 S.W.2d 887, 890 (Tex. App.—Austin 1999, pet. ref'd). Any nonconstitutional error "that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King*, 953 S.W.2d at 271. We must examine the record as a whole and only overturn the conviction if we have a grave doubt that the result was free from the substantial influence of the error. *See Burnett v. State*, 88 S.W.3d 633, 637-38 (Tex. Crim. App. 2002).

The State never attempted to connect McDonald to the previous burglaries. The bulk of the testimony at trial concerned the night of the stakeout; the previous burglaries were only mentioned briefly to explain the selection and preparation of the bait house. The State never went

6

into the details of the previous burglaries. Therefore, even if the minimal evidence concerning the previous burglaries was improperly admitted, we do not have grave doubt that the jury's verdict was free from the influence of the error.

*Jury Argument*

In his second point of error, McDonald claims that the trial court erred in denying his motion for mistrial when the State, during closing argument, asked the jury to consider the origin of the $80 found in McDonald's sock. McDonald complains of the following jury argument:

| | |
|---|---|
| STATE: | Where is he coming from? Ask yourself that. Dressed like that, where is he coming from? Doesn't have any I.D. on him, but you know what he does have on him? $80 in cash. Ask yourself a very serious question when you consider whether this man is a professional and knows what he is doing. Where did he get the $80 cash that night? |
| DEFENSE: | Excuse me, your Honor. I would object to counsel's argument as referring the jury to speculate about where did he get the $80 cash. Calls for speculation and it is outside the record. |
| THE COURT: | Sustained. Ladies and gentlemen, you have heard the evidence. You will rely on your recollection of the evidence. Argument of counsel is not evidence, but it is merely his summation and his belief of what the evidence may reasonably show. |
| DEFENSE: | Also like to urge that it is an attempted violation of Rule 404(b). Based on all that, I move for a mistrial, your Honor. |
| THE COURT: | Mistrial is denied. |

Permissible jury argument falls into one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or

7

(4) a plea for law enforcement. *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000). If an impermissible jury argument is made, an instruction to disregard the statement will generally cure the error. *Ganesan v. State*, 45 S.W.3d 197, 206 (Tex. App.—Austin 2001, pet. ref'd). Similarly, an instruction to consider only evidence adduced at trial and not an attorney's remarks will render a statement harmless. *See Ortiz v. State*, 577 S.W.2d 246, 249 (Tex. Crim. App. 1979); *Long v. State*, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). An improper jury argument constitutes reversible error if: (1) the argument is violative of a statute; (2) injects a new and harmful fact into the case; or (3) it is manifestly improper, harmful and prejudicial to the rights of the accused. *Wilson v. State*, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996). A motion for mistrial is appropriate only when an objectionable event is so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. *Bauder v. State*, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996); *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992).

McDonald contends that the jury argument was improper and that a mistrial should have been granted because the State's argument injected new and harmful facts into the case. McDonald argues that the State's comments invited the jury to believe that he had stolen the $80 in cash earlier that evening, and that this aspect of the State's argument was outside the record and so inflammatory that the instruction from the trial court had no curative effect. *See id.*

The State replies that, although the trial court sustained McDonald's objection, the statement made during closing argument was permissible jury argument because it was a reasonable deduction from the evidence. *See Cannady*, 11 S.W.3d at 213. Furthermore, the State contends that,

8

even if the argument was impermissible, any error was cured by the trial court's prompt instruction to consider only evidence adduced at trial. *See Ortiz*, 577 S.W.2d at 249.

We agree with the State. Based on the evidence surrounding the instant offense, the State's comment was a reasonable deduction and it would have been within the trial court's discretion to overrule McDonald's objection. The record reflects that on the night of the arrest, McDonald was moving through the shadows on foot, six miles from his home, with a screwdriver tucked into his sock. He was wearing gloves, dark clothes, and a hood that obscured his face. Based on McDonald's appearance and conduct, the origin of the $80 in cash in his sock could reasonably be called into question. In light of the fact that McDonald's objection to the State's comment during closing argument could have reasonably been overruled, and the fact that the trial court instructed the jury to rely on their recollection of the evidence, it is clear that the trial court did not abuse its discretion in denying the motion for mistrial. *See Bullard v. State*, 706 S.W.2d 329, 334 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd) (denial of mistrial affirmed where trial court sustained objection to State's jury argument, but appellate court found argument was proper plea for law enforcement and objection could have been overruled without error); *Watkins v. State*, 946 S.W.2d 594, 598-99 (Tex. App.—Fort Worth 1997, pet. ref'd) (denial of mistrial affirmed where trial court sustained objections to State's jury argument, but appellate court found arguments were proper as summations of evidence and as reasonable deductions from evidence); *Ali v. State*, 742 S.W.2d 749, 758-59 (Tex. App.—Dallas 1987, pet. ref'd) (denial of mistrial affirmed where trial court sustained objection to State's comment during closing argument, but appellate court found argument was a reasonable deduction from the evidence).

9

## CONCLUSION

Because we find that the trial court did not abuse its discretion in admitting the limited evidence of prior robberies or in denying the motion for mistrial, we affirm the judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   July 11, 2003

Do Not Publish